*Thos. E. Ward, for appellant.*

---

R. P. COLVIN *v.* ELIZABETH STINNETT.

[Abstract Kentucky Law Reporter, Vol. 5—175.]

**Homestead Right.**

Where a debt is incurred after the debtor receives conveyance of real estate and after the homestead law was passed, if otherwise qualified the owner is entitled to claim the homestead as against such debt.

APPEAL FROM WASHINGTON CIRCUIT COURT.

June 5, 1883.

OPINION BY JUDGE LEWIS:

The land claimed as a homestead was purchased by appellant in 1870, and the only question in this case is whether the debt or liability upon which the judgment was recovered by appellee existed prior to that time.

It appears that the original note for $200 was executed by Couch to appellee July 27, 1865. But the debt or liability of appellant was

created by his unauthorized and forged assignment of the note to himself after appellee had entrusted it to him to have suit brought in her name and for her benefit. It is not alleged, nor does it clearly appear from the evidence, when this was done. But suit was not brought upon the note thus assigned to himself by appellant until 1873, at which time or about which time the reasonable presumption is that the note was delivered by appellee and the fraudulent assignment was made by appellant. Besides adhering to the rule that each pleading must be construed most strongly against the pleader, the conversion by appellant of the note to his own use and his consequent liability to appellee must be regarded as having occurred after 1870, when he purchased the land.

Such being the case the land of the appellant or so much thereof including the dwelling-house and appurtenances as shall not exceed in value $1,000 must be held exempt from sale to satisfy appellee's judgment recovered in 1879.

Wherefore the judgment of the lower court is *reversed.*

*W. E. Selecman, W. E. Russell, for appellant.*

*John W. Lewis, for appellee.*