CASE 70—ACTION TO·RECOVER A LEGACY—APRIL 24.

# Swinebroad v. Bright.

APPEAL FROM LINCOLN CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS.  REVERSED.

WILLS—ADEMPTION OF LEGACY.

Held:    Under the Kentucky Statutes, section 4840, providing that a provision for or advancement to any person, whether a child or not, shall be deemed a satisfaction in whole or in part of a devise or bequest to such person contained in a previous will, "in all cases in which it shall appear from parol or other evi-dence to have been so intended," one who claims an advance-ment to be a satisfaction of a legacy must aver that such was the intention of the testator.

R. P. JACOBS, R. H. TOMLINSON AND G. B. SWINEBROAD FOR APPELLANT.

W. G. WELCH AND HILL & McROBERTS, FOR APPELLEE.

(No briefs in the record.)

OPINION OF THE COURT BY JUDGE WHITE—REVERSING.

In December, 1896, Greenberry Bright died, domiciled in Lincoln county, testate, and after his death his will was duly admitted to probate.  This will bears date of July 13, 1895, and contains, among others, these provisions: "I will and bequeath to my daughter, Kate Swinebroad, one thousand dollars, in addition to the amount paid to her

and family. . . . I further direct that Louella Bright, my granddaughter, shall have two hundred and fifty dollars, and, should I pay off any of the donations in my time, I will keep an acct."

The appellant brought this action seeking to recover the legacy above. To this action appellees, the executors, answered, and pleaded that after the date of the will the testator had given to appellant $1,000, and that this operated to satisfy and adeem the legacy. To this answer a demurrer was entered and overruled. Appellant's contention on the demurrer is that the answer should have alleged that the testator at the time of the gift or advancement of $1,000 intended to satisfy and adeem the legacy. Upon the demurrer being overruled appellant filed a reply in which she alleged that at the time of the gift or advancement the testator did not intend to adeem or satisfy the devise in the will. Upon this issue thus presented the court placed the burden on appellant, and of this ruling complaint is made. The case was tried before the court without a jury, and he adjudged that appellant had failed to make out her cause of action, and dismissed her petition; hence this appeal.

The real question in the case arises on the demurrer to the answer. If the answer is sufficient, and appellant should allege that the testator did not intend to satisfy the devise, then she should be required, to sustain her case, to prove that fact. On the other hand, if it is necessary for the appellees, executors, to allege that the testator did intend that the gift or advancement should satisfy or operate to adeem the devise, then the burden of proof would be on them. The trial court was entirely consistent in his rulings, for, if there was error in passing on demurrer, the same error was repeated on the question of burden of

proof. Section 4840, Kentucky Statutes, which was also
in Revised Statutes, chapter 104, section 17, provides: "A
provision for or advancement to any person shall be deemed
a satisfaction in whole or in part of a devise or bequest
to such person contained in a previous will, if it would be so
deemed in case the devisee or legatee were the child of the
testator; and whether he is a child or not, it shall be so
deemed in all cases in which it shall appear from parol or
other evidence to have been so intended." The first clause
of this statute does not affect the case, because appellant is
a child of the testator, and that clause puts all persons
on an equality with the child of a testator, but does not
declare the rights of a child. After having placed all lega-
tees on the same footing, the statute declares that a provi-
sion for or advancement to a legatee, whether child or not,
shall be deemed a satisfaction in whole or in part of a de-
vise contained in a previous will in all cases in which it
shall appear from parol or other evidence to have been so
intended. The rule of the common law as recognized by
this court in Highbaugh's Ex'r v. Brunk, 5 Ky. Law Rep.,
175, is thus stated: "At common law a gift by the testator
during his lifetime of a portion equal to or exceeding the
legacy was a satisfaction of the legacy, . . . it being
only necessary that the provision should be *ejusdem gen-
eris.*" The provision of the statute, *supra*, changed the
rule of the common law so as to make the rule as to chil-
dren apply to all legatees, and we think it also changed the
rule as to the presumption of the fact of satisfaction or
ademption. The rule of the common law that the gift
would satisfy a legacy was but a presumption of a fact,
and might be rebutted by evidence, and the real intention
of the testator shown to have been otherwise. If this rule
of the common law was to be left in force, the second

clause of the statute need not have been enacted; or, if the
intention had been to set at rest the right to rebut the pre-
sumption of satisfaction by statutory enactment, the word-
ing would doubtless have been, "it shall be so deemed in all
cases, unless it shall appear from parol or other evidence
not to have been so intended." We are of opinion that the
purpose and intent of the statute was to change the com-
mon-law rule of presumption as to satisfaction of the de-
vise, so that now such gift, advancement to, or provision
for any person may be shown by parol or other evidence to
have been intended as a satisfaction, and that, in the ab-
sence of proof on the subject, the provision of the will
which speaks as of date of the death will prevail, and the
devise will hold good. This question was before the court
in the case of Duncan's Trustee v. Clay, 13 Bush, 48, and
it was there held, as we understand the opinion, that par-
ties claiming the advancement to be a satisfaction of a
legacy should aver that such was the intention of the tes-
tator. The court by Chief Justice Lindsay, said: "It is
not specifically averred in the cross petition of Kennedy
and wife that the testator intended to satisfy in part the
devise to Duncan by the gift in question. . . . It is also
alleged that the testator intended the $50,000 to be a provi-
sion for and an advancement to his five devisees, and as
their portion or settlement for life, and as satisfaction in
part of the devise to them contained in the then existing
will. . . . But, treating the averments as sufficient in
law, they are denied by Duncan in his reply, and a careful
and laborious examination of the extended record before
us has failed to disclose 'oral or other evidence' sufficient to
make it reasonably appear that the gift was intended as a
satisfaction in whole or in part of the devise to Duncan."
In that the answer of appellee failed to aver that the tes-

tator intended the provision for or advancement to appellant to be a satisfaction of the devise it is insufficient, and the demurrer thereto should have been sustained. In this view of the case it is unnecessary to discuss the evidence, and, as a new trial becomes necessary, it might be improper. For the reason indicated, the judgment is reversed, and cause remanded for proceedings consistent herewith.