## Smith v. Cox's Committee.

(Decided November 26, 1913).

## Appeal from Warren Circuit Court.

1.  Wills—Satisfaction of Bequest—Burden of Proof.—Under Section 4840 Ky. Stat., the person claiming that a bequest was satisfied by a provision made by the testator for the devisee after the making of the will, has the burden of proof to show that it was so intended by the testator, whether the devisee is or is not the child of the testator.

2.  Wills—Satisfaction of Bequest—Burden of Proof—Settlement.— But where the devisee has signed a writing stating that the devise has been so satisfied, and the executor has made a settlement and his settlement has been confirmed by the county court on the faith of this writing, the writing makes out a prima facie case for the executor, and the burden is upon the devisee to show that the writing was made by mistake or obtained by fraud.

3.  Wills—Satisfaction of Bequest—Equity.—Where the testator intended a conveyance of land to his granddaughter to be a satisfaction of a legacy to her in his will the legacy will be held satisfied, and the delay of the legatee in asserting her claim for years

and, until after the executor became insane, will be given. great weight, as equity is slow to relieve those who have slept on their rights.

SIMS & RODES for appellant.

C. B. GAINES for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Affirming.

Meredith Cox who lived in Warren County, made this will in the year 1893. He had an only son Eugene Cox to whom he devised the bulk of his estate. Eugene Cox had two daughters, Mary and Jennie, the children of his first wife; they lived much of their life with their grandfather, who devised to each of them in his will $2,500 in money.

Meredith Cox died in 1903, and his will was then admitted to probate. Between the making of his will and his death he bought for his granddaughter, Mary Cox Smith, two tracts of land, for one of which he paid $900 and for the other $1,250, and caused them to be conveyed directly to her. He also bought for her, her husband's equity of redemption in a tract of land and had it conveyed to her and for this he paid $470. He bought land likewise for the other granddaughter amounting to about $3,200 which he had conveyed to her. Eugene Cox qualified as his father's executor, and when he came to make a settlement with the county court on August 31, 1903, his two daughters were with him, and they signed the following writing:

"We, Mary M. Smith, formerly Cox, and Jennie W. Cox, devisees under the will of Meredith Cox, state that we and each of us have received from the testator during his life the bequest named in his will, to-wit: twenty-five hundred dollars ($2500) and we hereby release Eugene Cox, executor named in said will from any further liability under said will and acquit him, his heirs, administrators or executors from any claim against the estate of Meredith Cox.

"JENNIE W. COX,
"MARY COX SMITH."

Eugene Cox at the same time made the following written statement which was filed with the county judge:

"I, as executor, report that the special devises made to Mary M. Cox, now Smith, and to Jennie W. Cox of

$2,500.00 each was paid to them by the testator after the making of said will and before his death. That the receipt for same is filed herewith. That S. J. Cox, wife of testator, died prior to testator's death. That all of indebtedness of both has been paid. This August 31, 1903.

"Eugene Cox, Ex."

The county judge made a settlement with Eugene Cox as executor, upon the basis of these writings. In March, 1911, Eugene Cox became of unsound mind and was committed to an asylum for the insane; and on September 26, 1911, Mary Cox Smith brought this suit against his committee and others in which she charged in substance that her legacy had never been paid her; that the above writing signed by her was signed by mistake; she sought to surcharge the settlement, and to obtain judgment against her father as executor for the $2,500.00 and interest. On final hearing the circuit court dismissed the petition; she appeals.

It appears from the record that the circuit court dismissed the petition upon the ground that it was barred by limitation. But Mary Cox Smith was a married woman when her cause of action accrued, and limitation does not run against a married woman during her coverture. (Onions v. Covington, etc. Bridge Co., 107 Ky., 154; Sturgill v. C. & O. Ry. Co., 116 Ky., 659). It remains, therefore, to determine the case on the merits. Section 4840, Ky. Stats., provides:

"A provision for or advancement to any person shall be deemed a satisfaction in whole or in part of a devise or bequest to such person contained in a previous will, if it would be so deemed in case the devisee or legatee were the child of the testator; and whether he is a child or not, it shall be so deemed in all cases in which it shall appear from parol or other evidence to have been so intended."

In Swineboard v. Bright, 110 Ky., 616, it was held that under this section a provision for any person whether a child or not, shall be deemed a satisfaction in whole or in part of a bequest to such person contained in a previous will in all cases where it was so intended, and that the burden is upon the person who claims the provision was a satisfaction of the legacy to establish the fact. On the other hand the plaintiff having signed the writing above quoted, and the settlement of the executor having been confirmed by the county court, the burden of proof is upon her to show that a mistake was

made; for the writing signed by her, nothing else appearing, would make out a prima facie case for the executor.

We have read the record with great care, and without going minutely into the facts, we deem it sufficient to say that the circumstances satisfy us that the conveyance of the land was intended by the testator, and understood by all the parties at the time to be a satisfaction of the legacy. Mrs. Smith's original claim seems to have been that she had only gotten $2,100.00 in land; and that $400.00 was still due her, upon the ground that the $470.00 which was paid for her husband's land, was paid by her grandfather out of her money. There was found among the grandfather's papers a memorandum showing that he owed Jennie something over $3,000.00, and when he had bought the land for her for $3,200.00, he expressed great satisfaction at her good judgment in taking the land rather than the money. He evidently had the same idea as to Mrs. Cox. Her husband was not prosperous, and he was endeavoring to provide for her in land before his death, deeming that the money might get away from her when the land would be safer. He expressed great satisfaction when he had matured these arrangements. He intended to give these girls $2,500.00 each, and after he wrote his will he did give it to them by investing it in land, and having the land conveyed to them so as to put it beyond the reach of improvidence on the part of their husbands. Eugene Cox was a good business man, and for nearly eight years after this settlement was made, no complaint was made of it by his daughter, Mrs. Smith. She was a woman of intelligence; she knew the provisions of her grandfather's will before he died, and knew what was coming to her at his death. Her long delay in asserting this claim, and her only asserting it after her father became insane, are circumstances not to be overlooked in the determination of the case. The chancellor delights to aid the vigilant, but he is slow to extend a helping hand to those who have unreasonably slept on their rights. Time obscures all things; witnesses die; they forget conversations; they become unable to tell particulars of transactions. In view of all these facts we conclude that the evidence that this land was conveyed in satisfaction of the legacy is as satisfactory as could be reasonably expected. Great reliance is placed for her on a paper signed by her father soon after her grandfather's will was made; but she had

this paper when her grandfather's will was probated, and when her father's settlement as executor was made. She being a woman of intelligence and her husband be-.ing a man of intelligence, after the great lapse of time, and when by insanity her father is unable to speak for himself, the settlement they then made should not be disturbed.

When limitation is pleaded it is essential that if the plaintiff relies on any disability to avoid the running of the statute, this under the present Code must be pleaded; for it is new matter and otherwise the defendant would not be apprised that this objection to the running of the statute was relied on. The rule applies to married women no less than other persons laboring under dis-ability. (Newman on Pleadings, Sec. 426-d; Turner v. Gill, 105 Ky., 414; Wren v. Ficklin, 109 Ky., 472 ) But the defendant's plea of limitation did not show that the plaintiff's cause of action did not accrue within five years before the action was brought, and the plea being de-fective, we have passed upon the case on the merits. The case of Russell v. Allen, 78 Ky., 105, was prepared under the Code of 1851. Under that Code no reply was neces-sary to new matter pleaded in an answer not amounting to a counterclaim or set off. But the present Code has changed the rule.

Judgment affirmed.