## Goff, et al. v. Goff.

(Decided December 3, 1918.)

### Appeal from Pike Circuit Court.

1. Limitation of Actions—Pleading—Avoidance of Defense.—Any disability that avoids the running of the statute of limitations is new matter and must be pleaded in order to enable the opposing party to meet the issue.

2. Limitation of Actions—Pleading—Avoidance of Defense—Traverse of Record—Effect.—A mere traverse of record of a plea of limitation is not sufficient to raise the issue of disability avoiding the statute, or to authorize the hearing of evidence thereon.

3. Limitation of Actions—Avoidance of Defense—Unsoundness of Mind—Evidence.—In an action to cancel certain deeds, defended on the ground of limitation, evidence of the unsoundness of mind of the grantor held insufficient to avoid the running of the statute.

STRATTON & STEPHENSON, W. W. BARRETT, W. P. HUGHES and O. A. STUMP for appellants.

CLINE & STEELE for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

A. J. Goff, a son of Martin Goff, deceased, brought three separate suits against his brothers, Paris Goff, Ellison Goff and Edward Goff, to cancel three deeds made to them by their father on the ground of mental incapacity, fraud and undue influence. The suits were consolidated and on final hearing the deeds were cancelled. The defendants appeal.

The deed to Paris Goff was executed on November 14, 1904, while the deeds to Ellison Goff were executed on February 24, 1905. Martin Goff died in the month of November, 1914. The three suits were brought on November 4, 1915, or more than ten years after the execution of each of the deeds. The defendants pleaded the ten year statute of limitation, which by agreement of the parties was traversed of record. The only ground urged for the reversal is the failure of the chancellor to give proper effect to the plea of limitation. The ten years' statute applies and was pleaded by amended answer, but plaintiff insists that the evidence was sufficient to show such unsoundness of mind on the part of the grantor as to suspend the running of the statute. This contention cannot be sustained. In the first place, any disability that avoids the running of the statute is new matter and must be pleaded in order to enable the opposing party to meet the issue. Smith v. Cox's Committee, 156 Ky. 118, 160 S. W. 786. Here the plea of limitation was merely traversed of record. This was equivalent to a mere denial that the cause of action had accrued more than ten years before the filing of the suits. This was not sufficient to raise the issue of disability or to authorize the court to hear and consider the evidence bearing on that question. But even if we pass that question and consider the evidence, as plaintiff contends we should, because the amended answer was tendered after the evidence was taken and was permitted to be filed with the understanding that it should be traversed of record, and plaintiff's counsel was under the impression that this was sufficient to raise every issue concerning the question of limitation, we conclude that the evidence is insufficient to show such unsoundness of mind on the part of the grantor as would avoid the running of the statute. That being true, the plea of limitation should have been sustained and the petitions dismissed.

Judgment reversed and cause remanded with directions to enter judgment in conformity with this opinion.