## Smith, et al. v. Hogg, et al.

(Decided April 21, 1922.)

### Appeal from Lee Circuit Court.

1. Adverse Possession—Entry of Joint Tenants.—Ordinarily the entry of one joint tenant upon land inures to the benefit of his cotenants and his possession is not adverse to their rights, but the possession may be so hostile and adverse to the others as to invest the claimant with title by prescription.

2. Adverse Possession—Conveyance by Joint Tenant.—If one joint tenant conveys the joint property to a third party, and the grantee claiming the whole, holds adversely for the necessary period of time he may acquire title by prescription.

3. Adverse Possession—Evidence.—Evidence examined and held to show that the claim of appellants ripened into a title by adverse possession before the institution of this action.

G. W. GOURLEY and J. K. ROBERTS for appellants.

S. P. STAMPER for appellees.

OPINION OF THE COURT BY JUDGE MOORMAN—Reversing.

This is a controversy over the title to a tract of approximately 140 acres of land in Lee county. The appellants are the wife and children of D. B. Field, and are claiming title by adverse possession, having entered and acquired possession of the land under a deed of May 1, 1896, from James M. Sebastain to D. B. Field. The appellees are claiming title to a part of the land under a deed dated February 14, 1885, from David Hogan and his wife to H. C. Needham & Company, Hogg & Bro. and E. M. Pryse & Bro.

This action was instituted by appellees, who averred that they were the owners of the undivided interests of Hogg & Bro., and E. M. Pryse & Bro., under the deed dated February 14, 1885, and that appellants were the

owners of the undivided interest of H. C. Needham & Company under that deed. They sought and obtained a decree for the sale of the land, and a division of the proceeds among the respective interests as alleged. This appeal is prosecuted to reverse that judgment.

The record shows that David Hogan was the owner of the land prior to 1885; that at that time he owed H. C. Needham & Company, Hogg & Bro. and E. M. Pryse & Bro. small sums of money, in addition to a small sum owing to William Abner, for which there was a lien on the land. The conveyance of February 14, 1885, was made in consideration of the discharge of his debts to the grantees and their assumption of the liability against the land in favor of William Abner. Suit was later filed for a sale of the land and a division of the proceeds among the grantees of the deed of 1885 and the creditor Abner according to their respective interests appearing in the proceeding. A judgment of sale was rendered. The land was sold and bid in by J. M. Sebastain, an attorney who represented some of the interested parties, but no deed was ever made by the commissioner, though the sale was confirmed. There is evidence showing that part of the grantees in the deed of 1885 paid to Sebastain their share of the purchase price at the commissioner's sale. Sebastain had acquired the interest of H. C. Needham & Company, and in 1896 he sold his interest to his ward, D. B. Fields. Fields took possession of the land and from that time until his death in 1902, he rented it and used it as his own. After his death his father-in-law, acting for Fields' wife, rented it every year except one during which a railroad was being constructed across a part of it. The right of way was sold to the railroad company for $800.00 by appellant, Emily Fields, now Emily Smith, which amount, with all rents, she collected and used.

No competent evidence was introduced tending to prove that any of the grantees in the deed of 1885 or the appellees claiming under them ever attempted to exercise any control over the land, ever paid any taxes on it or received any rents from it or did anything after the commissioner's sale to indicate that they claimed any interest in it. On the other hand, D. B. Fields, so long as he was alive, and his wife after his death, rented it and exercised those acts of ownership that an owner usually exercises over his own property. One witness testified to conversations with J. M. Sebastain and D. B. Field, evidencing a recognition of the rights claimed

by the appellees, but that testimony was clearly incompetent under section 606 of the Civil Code. There is, therefore, nothing in the record to controvert the evidence that appellants and those under whom they claim have openly, adversely and notoriously claimed, used and occupied the land since 1896. It appears from the testimony of one of the appellees that he first learned of his interest as now claimed, from an examination of the records in the Lee county court clerk's office about a year before this suit was filed, and that ever since that discovery he has claimed the land. But at that time appellants, claiming under D. B. Field and in their own right, had used and occupied the land for more than twenty years.

A large part of the land is woodland but Field entered upon it in 1896 under a deed which definitely described it. (Duff v. Hagins, 146 Ky. 792; Combs v. Stacy, 147 Ky. 222; Sackett v. Burt & Brabb Lbr. Co., 150 Ky. 748.) Since that time he and these appellants have treated it as their own and have openly claimed it as such.

We cannot concur in the view that the occupancy of Field and these appellants was that of a joint tenant, in which event it is contended that appellants could not acquire title by adverse possession. Ordinarily the entry of one joint tenant upon land inures to the benefit of the others and his possession is not adverse to the rights of the others, but it has been repeatedly held by this court that the possession may be so hostile and adverse to the others as to invest the claimant with title by prescription. (Gossom v. Donaldson, 18 B. Monroe, 238; Culver v. Culver's Admr., 25 Ky. L. R. 296; Pope, etc. v. Brassfield, 110 Ky. 128.) Also that a vendee who enters under a deed whether defective or not can claim adversely to all the world. (Sutton, etc. v. Pollard, etc., 96 Ky. 640.) So it has also been held that where one joint tenant conveys the joint property to a third party, the grantee, claiming the whole, holds adversely to other joint tenants. (Larman v. Huey's Heirs, 52 Ky. 436; Pope v. Brassfield, 110 Ky. 128.)

Under the doctrine announced in the cases cited, it was within the power of D. B. Field and those claiming under him to perfect title in themselves by adverse possession. Claiming this land since 1896 they used it, received the income from it, paid the taxes on it, if the taxes were paid, sold a part of it to the railroad company, all without objection or interference on the part of appellees or any of them and without the interposition of any claim

by them to any interest in the land. Appellees and those under whom they claim never had possession of the land, and, so far as is shown in this record, never manifested any proprietary rights in it. Under these facts we conclude that the claim of appellants ripened into a title by adverse possession before the institution of this suit.

The judgment is reversed with directions to the lower court to dismiss the petition.