## Peters v. Noble.

(Decided October 17, 1922.)

### Appeal from Breathitt Circuit Court.

1. Limitation of Actions—Suspension—Coverture.—Limitation does not run against a married woman during coverture.

2. Infants — Contracts — Disaffirmance — Laches. — An infant who brings suit within three years after attaining his majority to set aside a deed is not guilty of laches in making his election to disaffirm the transaction.

3. Infants—Contracts—Validity.—The deed of an infant is voidable but not void, and he may either affirm it or avoid it on reaching his majority

4. Infants—Deeds—Ratification.—Though the rule is different where an infant accepts a portion of the purchase money after he becomes of age the mere retention by an infant, after he becomes of age, of purchase money paid to him during his minority will not amount to a ratification of the deed.

5. Infants—Deeds—Disaffirmance—Rights of Infants.—On disaffirmance of a deed an infant who owned one-fourteenth of the land is entitled to recover not only one-fourteenth of the land, but one-fourteenth of the market value of any timber cut and removed by his vendee, and one-fourteenth of the reasonable rental value of the land excluding the improvements made by his vendee from the time of his disaffirmance of the deed.

6. Partition—Tenants in Common—Improvements.—In partitioning land between tenants in common, one of whom has placed improvements thereon which do not cover the entire tract, that part of the land including the improvements should be allotted to the one who made them, but the value of the improvements should not be included in estimating the value of the entire tract for the purpose of division.

GRANNIS BACH for appellant.

RYLAND C. MUSICK for appellee.

Opinion of the Court by Judge Clay—Reversing.

Jerry Stidham, who owned a farm in Breathitt county containing 148 acres, died in the year 1906, leaving a widow, Ellen Stidham, now Ellen Deaton, and fourteen children. Shortly after his death one of the children died and his interest in the farm passed to his mother, Ellen Deaton. In the year 1913 Ellen Deaton and her remaining thirteen children conveyed the farm to Georgia Noble and her husband, Henry Noble, who afterwards conveyed his interest in the farm to his wife. At the time of the conveyance, Jane Peters and Lizzie Stidham, now Lizzie Brewer, were infants, the former being seventeen years of age and the latter fifteen years of age. The deed contained the following provision:

"It is understood and made a part of this deed by and between the grantors, Sarah Yare, Jane Peters and Lizzie Stidham, they at this time being under 21 years of age, are to be paid by notes bearing 6% interest from date, and due and payable when they reach the age of 21 years and ratify, reassign and reacknowledge same."

On August 20, 1919, this suit was brought by Jane Peters and Lizzie Brewer to recover not only their portion of the land, but their portion of the rents and timber removed, and to have the land partitioned. On final hearing the chancellor rendered judgment dismissing the petition of Jane Peters, and granting a portion of the re-relief prayed for by Lizzie Brewer. From that judgment this appeal is prosecuted.

On motion of Lizzie Brewer, her appeal has been dismissed, and the correctness of the judgment dismissing the petition of Jane Peters is the only question before us.

Jane Peters was married when the deed was executed and has been married ever since, and the statute of limitations does not run against a married woman during coverture. Smith v. Cox's Admr., 156 Ky. 118, 160 S. W. 786. Nor was she guilty of laches in making her election to disaffirm the transaction, for she brought suit within three years after she attained her majority, which was within a reasonable time. Hoffert v. Miller, 86 Ky. 572, 6 S. W. 477.

While there was evidence that the note which the Nobles executed to appellant was paid, the payment was made during her minority. The deed of an infant is voidable but not void, and he may either affirm or avoid it on reaching his majority. Though the rule is different where an infant accepts a portion of the purchase money

after he becomes of age, the mere retention by an infant, after he becomes of age, of purchase money paid to him during his minority will not amount to a ratification of the deed.

There being no defense to the action, it follows that appellant is entitled to recover not only one-fourteenth of the land, but one-fourteenth of the market value of any timber cut and removed by appellee, and one-fourteenth of the reasonable rental value of the land, excluding the improvements placed thereon by appellee, from the time of her disaffirmance of the deed, which was the day on which the action was brought. Nelson's Heirs v. Clay's Heirs, 7 J. J. Mar. 138, 23 Am. Dec. 387; Tobin v. Spann, 85 Ark. 556, 109 S. W. 534, 16 L. R. A. (N. S.) 672; Beauchamp v. Bertig, 90 Ark. 351, 119 S. W. 75, 23 L. R. A. (N. S.) 659; 14 R. C. L. 243.

Considering the evidence as a whole, we are inclined to the opinion that the land may be divided by awarding one-fourteenth to appellant and thirteen-fourteenths to appellee without impairing its value. Inasmuch, however, as a tenant in common cannot improve the estate at the expense of a co-tenant without his consent, and the improvements placed on the land by appellee cover only a portion of the land, that part of the land including the improvements made by appellee should be allotted to her, but the value of the improvements will not be included in estimating the value of the entire tract for the purpose of division. Borah v. Archers, 7 Dana 176; Nelson's Heirs v. Clay's Heirs, *supra;* Ward v. Ward, 29 L. R. A. 449, 40 W. Va. 611.

Judgment reversed and cause remanded with directions to enter judgment in conformity with this opinion.