## Green Cawood, Ethel Cawood, Herbert Cawood and James Cawood v. Middleton, et al.

(Decided April 22, 1924.)

### Appeal from Harlan Circuit Court.

1. Limitation of Actions—Presumed that Fact could have been Shown Definitely, if True.—Where it is contended that statute did not run against a woman for the reason that she was married, the burden is on those so contending, and there is a presumption that, if she was married at the time of the beginning of the running of the statute, that fact could have been shown definitely, in the absence of any proof on the subject.

2. Limitation of Actions—Effect of Marriage in Stopping Running of Limitation.—If statute began to run against a woman before she was married, it continued to run, notwithstanding her subsequent disability by marriage.

3. Joint Tenancy—Conveyance as Affecting Possession by Joint Tenant.—The entry of a joint tenant is not ordinarily adverse to his cotenant; but, when he conveys the entire property by deed to another, the possession of the grantee is not a possession as

joint tenant, but as owner of the land, and, if in fact he claims the whole land, the statute runs in his favor.

4.  Joint Tenancy—Second Wife Held to have Obtained Title by Adverse Possession as Against Joint Tenant.—In an action by descendants of first wife against second wife and others to recover interest in land conveyed to second wife by the husband, chancellor's judgment for defendants, claiming by adverse possession, held not against the weight of the evidence.

5.  Equity—Recovery of Interest in Land After 23 Years Not Permitted.—Claim to an interest in land, sought to be enforced after 23 years' delay, will not be enforced in equity, where asserted because of an unforeseen phenomenal increase in the value of the property; it appearing that the claim would not otherwise have been asserted.

CLAY & CARTER for appellants.

ZEB A. STEWART, JAMES H. JEFFRIES and J. S. FORESTER for appellees.

OPINION OF THE COURT BY J. P. HOBSON, COMMISSIONER—Affirming.

On January 22, 1891, a commissioner's deed was made to J. H. Middleton and his wife Elizabeth for one hundred and thirty-one (131) acres of land in Harlan county. In May, 1893, they executed a mortgage on this land. After this mortgage was executed the wife Elizabeth died leaving two daughters surviving her. They were then unmarried but both of them married afterwards. In 1894 J. H. Middleton married his present wife Josephine, and on September 1, 1896, he by deed conveyed to her the one hundred and thirty-one acres of land. She and her husband have since lived on it, she claiming it as her land for the reason that she had about fifteen hundred ($1,500.00) dollars, which was used to pay the mortgage on the home place and the deed from the husband to her was made for this reason.

On August 21, 1919, this suit was brought by the children of Levina Cawood, one of the daughters of the wife Elizabeth, to recover their mother's interest in one-half of the hundred and thirty-one acres. On final hearing the circuit court dismissed the petition and they appeal.

Two defenses are relied on—One: Limitation. Two: The long delay in bringing the suit.

The plaintiffs' cause of action accrued in 1896, for it is clear from the proof that the second wife has since

then claimed the property as her own and could justly so claim it for the reason that she sold her land to pay for it and the price she paid was then apparently its value. It is insisted, however, that the statute did not run against Mrs. Cawood for the reason that she was a married woman; but the proof is very indefinite as to the date of her marriage; there is in fact no definite proof that she was married before September 1, 1896, and this fact if true could have been definitely shown by the record. At least this must be presumed in the absence of any proof on the subject.

If the statute began to run against her before she was married, it continued to run notwithstanding her subsequent disability (Fox v. Hudson, 150 Ky. 115). The entry of a joint tenant is not ordinarily adverse to his cotenant but when he conveys the entire property by deed to another, the possession of the grantee is not a possession as joint tenant but as owner of the land, and if in fact he claims the whole land the statute runs in his favor. (Larman v. Huey, 13 B. Mon. 436; Smith v. Hogg, 195 Ky. 267).

As the fifteen years statute barred their action unless plaintiffs fell within the exception to the statute, the burden was on them to show that they were within the exception. This they did not do. (Goff v. Goff, 182 Ky. 323).

"Therefore, where a party claims the benefit of an exception from the operation of the statute, the burden is on him to show that he is entitled to it. All presumptions are against him, since his claim to exemption is against the current of the law and founded upon exceptions. Thus when the plaintiff, either by allegations of matter in avoidance in the complaint or by reply to the defendant's answer, relies upon his own disability to prevent the running of the period, it is incumbent upon him to show such disability." (17 R. C. L., page 1004, see 386).

It appears from the proof that after she married, Mrs. Cawood and her husband were making a claim against her father and that in settlement of this matter he conveyed to her a hotel that he had built at a cost of a thousand dollars and the hotel lot which was worth $500.00. She and her husband for many years lived in this property, made it their home and so far as the record

shows there was no further claim set up by her to any other part of the 131 acres. What was conveyed to her was then worth more than her share of the land.

Under all the facts we cannot say that the chancellor's judgment is against the weight of the evidence.

Since 1896 Josephine Middleton has given in the land in her name for taxation and paid the taxes. She has enjoyed the undisputed use of the land. Her seven children have been reared there. She has dealt with the property as her own. The Cawoods lived in sight of them and the fact that there was no further dispute after the deed to the hotel property was made can only be explained on the ground that Josephine Middleton's claim to the other property was then acquiesced in. The facts upon which her claim rested were well understood in the family.

On the whole case appellants' claim should not in equity be enforced. After so many years and after an unforeseen phenomenal increase in the value of the property equity will not now enforce a claim which it seems would not otherwise have been asserted.

The judgment is affirmed.