## Case et ux. v. Greer.

(Decided June 4, 1929.)

MOORE & CHILDERS for appellants.

L. J. MAY for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

C. C. Greer brought this action against Silas Case and Lydia Case, his wife, to recover $203.59 for goods, wares, and merchandise sold and delivered to defendants at their special instance and request, and for which they agreed and promised to pay, and within the last year they had promised and agreed to pay said amount but had failed to do so. In another paragraph he sought to recover the sum of $400, which he alleged had been

824

loaned to defendants to buy a particular tract of land, that the amount so loaned was used by plaintiffs to pay for the land, and that they had agreed and promised to execute a mortgage on the land to secure the indebtedness. In their answer defendants denied that they jointly or separately were indebted to plaintiff in the sum of $603.59, "or any other sum or amount except as hereinafter stated." They also denied that they owed plaintiff the sum of $203.59, balance on store account, for goods, wares, or merchandise purchased of him and for which they promised and agreed to pay the aforesaid sum, or that they have within the last year promised or agreed to pay the said sum or any part thereof. In the second paragraph they admit that on the date mentioned in the petition plaintiff loaned to defendant Silas Case the sum of $400 to pay on the land described in the petition, but stated that it was untrue that to secure the payment of said sum they agreed to give plaintiff a mortgage on said land. They further admit that the defendant Silas Case took the aforesaid sum and paid on the purchase price of said lands, and that they are now in possession thereof. They further alleged that the sum of $400 borrowed by the defendant Silas Case from the plaintiff had long since been paid back in full, and that they were not now indebted to him for any part of said sum so borrowed. The answer also contained the following averments: "Defendants further say that they did have an account at the store of the plaintiff, the exact amount of which they do not know but that they made various credits thereon from time to time and finally and more than two years before the first day of January, 1926, made full and complete settlement with the plaintiff, and at the time of making said settlement the plaintiff only claimed that the defendants were indebted to him in the small sum not to exceed $100.00, but they are unable to state the exact amount; that since the time of making the aforesaid settlement there has been no credit placed upon the said account, neither has there been any articles of merchandise bought by the defendants of the plaintiff and charged to their account since said time and that the Statute of Limitation of two years has barred plaintiff's right of action herein; that no part of said account has been made or any articles purchased within two years prior to the institution of this action and since

January 1st following the date of the last item charged on said account." The allegations of the answer were then controverted of record. On final hearing a personal judgment was rendered against both defendants for the amount sued for. From that judgment they appeal.

It is first insisted that the judgment should be reversed because there was no evidence that appellant Lydia Case was indebted to appellee in any sum. It will be observed that that portion of the answer above quoted contains the following averments: "Defendants further say that they did have an account at the store of plaintiff, the exact amount of which they do not kno r, but that they made various credits thereon from time to time, and finally and more than two years before the first day of January, 1926, made full and complete settlement with plaintiff," etc. Here then we have an admission that both defendants had an account at the store of plaintiff in an unknown amount, accompanied by a plea of settlement and the further plea of limitation. In the circumstances it was not necessary to introduce any evidence showing a joint liability on the part of defendants. All that was necessary was to show the amount of the indebtedness and combat the plea of settlement and limitation.

With respect to the claim of $400 the same situation exists. The petition alleged that on the 9th day of December, 1925, at the request of said defendants he loaned them the sum of $400, to buy "the following described tract of land," and that said defendants promised and agreed to execute a mortgage on said land to secure the payment of said sum. In their answer they admitted that on the date mentioned in the petition plaintiff loaned to defendant Silas Case the sum of $400, but denied that to secure the payment of said sum they agreed to give plaintiff a mortgage on said land. The answer that the defendants "admit that on the date mentioned in the petition plaintiff loaned to the defendant, Silas Case, the sum of $400.00 to pay on the purchase price of the lands described in the petition," is an admission of more than the language would indicate. There was no denial that at the request of the defendants he (plaintiff) loaned them the sum of $400. In the absence of such denial the answer admitted that the money was loaned to Lydia Case as well as her husband, and the only issues left in the pleadings were whether or not they agreed to execute

a mortgage on the land described in the petition to secure the indebtedness, and whether or not the indebtedness was paid.

The last contention is that, in view of the state of the pleadings, the court should have sustained the plea of limitation. The argument is that the plea of limitation was merely controverted of record, and that under the rule prevailing in this state appellee could not show a new promise taking the case out of the statute. While the principle of law is correct, Goff v. Goff, 182 Ky. 323, 206 S. W. 466, it has no application to this case. In his petition appellee not only declared on the account, but alleged that within the last year defendants had promised and agreed to pay the amount thereof. In view of this allegation appellee had a right to prove a new promise. This he did by uncontradicted evidence, and thus defeated the plea of limitation.

Judgment affirmed.