## Adams et al. v. Adams et al.

(Decided May 5, 1931.)

HERBERT MOORE for appellants.

HARVEY T. LISLE and CHARLES F. SPENCER for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

About 30 years ago Thomas Adams died intestate, the owner of a 120-acre farm in Clark county, and left surviving him 13 children, including John B. Adams and

Levi Adams. John and Levi agreed to buy out the other heirs and divide the land. Levi purchased five of the interests and John purchased six interests, though one of them was not acquired until three or four years before this suit was brought. In the year 1907 or 1908, John and Levi partitioned the lands between themselves and erected a division fence. Levi died in the year 1915, survived by his widow, Kate Adams, two sons, Thomas and Vernon, and a granddaughter, Mildred Spry, the daughter of a deceased daughter.

In the month of August, 1928, John B. Adams brought this suit against the widow, sons and granddaughter of Levi Adams to quiet his title to that portion of the land which he received in the division between him and his brother Levi, and to require the master commissioner to execute to him a deed of partition according to the agreed division. The action proceeded on the theory that plaintiff and his brother agreed to buy out the other heirs and to divide the land between them; that the partition was made and executed by the erection of the division fence, which was thereafter recognized and acquiesced in by the parties. In addition to pleading the foregoing facts, the petition alleged that, after the agreed division and the erection of the line fence, each of the parties to the agreement took possession of his portion of the land and held it adversely to the other and his heirs. In addition to denying the allegations of the petition, the widow and heirs of Levi Adams pleaded that the agreement between John B. Adams and Levi Adams was that the fence was to be only temporary, and that thereafter a survey was to be had and proper division made. There was the further allegation that in the alleged division John B. Adams received more than his share of the acreage. After hearing the evidence the chancellor granted the relief prayed, and the widow and sons of Levi Adams appeal.

There is a sharp conflict in the evidence. The evidence for John B. Adams supports the allegations of the petition, while the evidence for the other side tends to show that the fence was constructed for temporary purposes with the understanding that there was to be a subsequent survey and the true line fixed. The case would be difficult of solution if it turned merely on the oral evidence. In the circumstances we regard the conduct of the parties as controlling. After the division and the

erection of the line fence, each party used and occupied his own portion and made no claim to the portion of the other. The fence was never changed. The arrangement was acquiesced in for more than 20 years. In view of this situation, it hardly can be said that the fence was intended merely as a temporary affair. On the contrary, we concur in the conclusion of the chancellor that the fence was intended to be permanent, and was erected for the purpose of carrying the partition agreement into effect. Ordinarily, of course, the possession of one joint tenant is not adverse to the other, but a situation may arise where the possession may be so hostile and adverse to the others as to invest the claimant with title by prescription. Smith et al. v. Hogg et al., 195 Ky. 265, 242 S. W. 354. Such is the case presented. The agreed division was executed by the erection of the line fence. Thereafter the holding of each of the parties to the agreement was clearly adverse, and, having been continued for more than 15 years, there can be no doubt that John B. Adams' possession ripened into title.

The fact that John B. Adams did not acquire certain outstanding interests until three or four years before this action was brought is wholly immaterial. His holding which was clearly adverse to Levi Adams and his heirs was not rendered amicable by the fact that his holding as to the owners of the outstanding interests was not adverse.

Judgment affirmed.