## NEWELL et al. v. LOUISVILLE FIRE BRICK WORKS.

Court of Appeals of Kentucky.

Oct. 10, 1952.

Arthur T. Bryson, Arthur T. Bryson, Jr., Ashland, for appellants.

Theobald & Theobald, Grayson, for appellee.

MOREMEN, Justice.

Mrs. Artha Newell and two others, for themselves and as representatives of numerous heirs of John Waugh, filed this suit in May, 1945, against the Louisville Fire Brick Works to establish their title to certain land, recover $300,000 in damages, and enjoin the defendant from trespassing. Eventually, the petition was dismissed upon the evidence, and the plaintiffs appeal from the judgment.

The appellants claim the entire title to a certain 300 acres and an undivided half interest in fifty contiguous acres. It has been perhaps 75 years since the appellee and its predecessors acquired record title to this land and began developing it in the mining of clay, manufacturing fire brick and harvesting timber. The town of Grahn is in the midst of this large development.

John Waugh was issued a patent for 300 acres in 1837, by James Clark as Governor of the Commonwealth. Another patent for fifty acres was issued to John Waugh in 1851. It appears that altogether John Waugh obtained the initial title from the Commonwealth to about 650 acres. The appellee very satisfactorily proved a chain of title to the property back to the patents. It produced a deed executed by John Waugh and his wife, Margaret, conveying a certain 300 acres, which the deed identified as being land patented to the grantor by Governor Clark. The appellee also proved the conveyance by John Waugh and others of their interest in all the lands

850

of John Waugh, then deceased. Mrs. Newell, as the chief party to the suit, has insisted that the second John Waugh, her grandfather, who died in 1884 intestate, was the one to whom the land claimed had been patented and not to her greatgrandfather, John Waugh, and that he never disposed of it. She was but seven years old when her grandfather died, and it is quite obvious that her statements, like those of two elderly gentlemen, are of traditions rather than of known facts. Upon the matter of identification of John Waugh, the best evidence forces us to the conclusion that Mrs. Newell is mistaken. The appellants also sought in the course of taking the proof to show that the 300 acres they claimed was not the same property as that to which the title was traced to her greatgrandfather.

The judgment could very well be affirmed upon the ground that this court will follow the chancellor's decision of fact upon disputed or confused testimony. But irrespective of record title, the appellee established a clear title by adverse possession. While there was a little evidence of a general nature supporting the appellants' denial of adverse possession, such as that the entire boundary had never been fenced in, the evidence very satisfactorily shows that it was all claimed, completely occupied and used for many, many years by the appellee and its predecessors. In 1928 Mrs. Newell and some other parties brought a suit like the present one. After a defense had been made, the suit was dismissed without prejudice. Around the year 1932 Mrs. Newell and perhaps other persons moved onto the land, but they were evicted by an order of the circuit court in a forcible detainer proceeding. It appears that there have been other like proceedings against her. So even if other evidence were lacking, these proceedings served full notice of the adverse claim of the defendant. This is enough also as to the parcel in which the plaintiffs claim an undivided half interest, conceding the defendant owns the other half. While a tenant in possession of land is considered to be holding it for the joint use of all the tenants, where one in possession has openly denied another's hostile claim to a joint

interest and actually ousted him from possession, the holding is sufficiently adverse as to ripen into title by prescription. Gill v. Dewitt, 7 Ky.Law.Rep. 587, 13 Ky.Op. 945; Smith v. Hogg, 195 Ky. 265, 242 S.W. 354; Lake v. Ford, 244 Ky. 803, 52 S.W.2d 724.

The judgment is affirmed.