## Case No. 2,858.

### CLARKE v. MAYFIELD.

[3 Cranch, C. C. 353.][1]

Circuit Court, District of Columbia. Dec. Term, 1828.

LIMITATION OF ACTIONS—PLEADING—AMENDMENTS.

1. Upon the plea of the statute of limitations, the plaintiff cannot avail himself of the exception in favor of merchants' accounts, without stating it in his replication. It is not admissible in evidence upon the general replication to the plea.

2. After the jury is sworn, the court will not suffer the plaintiff to amend, if the justice of the case be against him.

At law. Assumpsit for work and labor. Plea of limitations; general replication and issue.

R. P. Dunlop, for the plaintiff, offered evidence of mutual dealings and accounts between the parties, and cited Ball. Lim. 70, 71.

Mr. Redin, contra. That clause of the statute only applies to merchants, where there are mutual accounts and mutual credits.

THE COURT (THRUSTON, Circuit Judge, absent) said, that as the exception in favor of merchants' accounts is not stated by way of replication, the evidence could not be admitted. The replication is, that the cause of action accrued within three years, &c., and according to the decision of the supreme court in Bell v. Morrison, 1 Pet. [26 U. S.] 351, mutual accounts are not evidence on that issue.

Mr. Dunlop then moved for leave to withdraw a juror and amend his replication.

Mr. Redin objected, that it appears by the defendant's books of account, which he produced in court, that the plaintiff's whole claim has been paid; but the books, being in his own handwriting, are not evidence.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

THE COURT refused leave to amend under such circumstances. The plaintiff admits there were mutual accounts, and upon that ground moves to amend, and yet refuses to admit the defendant's books in evidence, although the defendant offered to waive the plea of limitations.

Verdict for plaintiff, $30; which, being below the jurisdiction of this court, the plaintiff took a non-pros.