# CHARLESTON.

## LAIDLEY *v.* SMITH,

\*(GREEN, JUDGE, Absent.)

Submitted January 26, 1889.—Decided March 12, 1889.

1. LIMITATIONS OF ACTIONS—RECEIVERS.

On the 16th day of June, 1865, in the chancery cause of *Ruffner and Long* v. *Donnally and others* pending in the Circuit Court of Kanawha county, a decree was entered directing the receiver to lend out certain money in his hands to the credit of said suit. In pursuance of said order W., the receiver, loaned to S. $125.00 and took a promissory note therefor payable on demand to W., receiver of the Circuit Court of said county with interest from date, the 5th day of January, 1886, the note showing on its face that it was given for money borrowed from the chancery cause of *R. & L.* v. *D. et als.* W. died, and L. was appointed general receiver of said court in his stead June 2, 1877. G. S. L., as special receiver, was directed on the 10th of April, 1884, he having been appointed such special receiver, to collect said fund, and in pursuance of said direction he instituted this suit against S. and filed his declaration in the month of November, 1885. The defendant interposed the plea of the statute of limitations, to which the plaintiff objected and replied generally but filed no special replication. *Held*, The claim, upon which said suit was predicated, was barred by the statute of limitations, and if the plaintiff relied upon any of the statutory or other exceptions to take said claim out of the operation of said statute, it should have been set forth in a replication to said plea.

2. Point 1 of syllabus in *State* v. *Miller*, 26 W. Va. 106, considered and re-affirmed.

*Miller & Gallaher* for plaintiff in error.

*J. M. Laidley* and *W. Mollohan* for defendant in error.

ENGLISH, JUDGE.

This was an action of debt brought in the Circuit Court of Kanawha county by Charles C. Lewis, receiver of said Circuit Court, the declaration was filed on

---

\*On account of illness.

the first Monday in November, 1885. The action was founded on a promissory note bearing date on .the 5th day of January, 1866, which note is in the words and figures following:

"$125.00. On demand, we, or either of us, promise and bind ourselves to pay Levi J. Woodyard, receiver of the Circuit Court of Kanawha county, one hundred and twenty-five dollars borrowed money from the chancery cause of Ruffner & Long v. Donally and *als.*, with interest from date until paid. Witness our hands this 5th day of January, in the year 1866,

[Signed]          "ISAAC N. SMITH,
                       "BENJAMIN H. SMITH.

"Credit May 23, 1868, paid by B. H. Smith, fifty dollars."

On the 22d day of January, 1886, the defendant demurred to the plaintiff's declaration, and plaintiff joined; and the court having considered said demurrer overruled the same, and thereupon the defendant pleaded *nil debet* and payment and tendered a special plea in writing, to wit, the statute of limitations, to which the plaintiff objected, and the court took time to consider thereof, and on the 11th day of July, 1888, the defendant B. H. Smith having departed this life, and Charles C. Lewis having been appointed the executor of his last will and testament and having qualified as such, and George S. Laidley having been appointed as special receiver in the case of *Ruffner and Long* v. *Donnally et als.*, in the place of said Charles C. Lewis, general receiver, to prosecute the suit at bar and to collect the fund in litigation in this cause, the suit was revived in the name of said George S. Laidley as such special receiver therein, and by consent the same was revived against said Charles C. Lewis as executor of said B. H. Smith, deceased, as defendant therein, and the objection to the plea of the statute of limitations tendered by B. H. Smith in his lifetime having been argued and considered by the court was overruled, and said plea was ordered to be filed, and the plaintiff replied generally thereto, and the action was submitted to the court in lieu of a jury; and the court, having heard the evidence and arguments of counsel found the issues therein for the plaintiff and gave judgment for the plaintiff for the sum of $205.01 with inter-

est thereon from the 11th day of July, 1888, and costs, to which ruling and judgment of the court the defendant tendered a bill of exceptions, which was signed, sealed and saved to him, which bill of exceptions shows, that upon the trial of said action the plaintiff to support the issue on his part gave in evidence said note, executed as aforesaid by B. H. and I. N. Smith, also a decree of the Circuit Court of Kanawha county dated June 16, 1865, made in the case of *Ruffner and Long* v. *Donally and others*, directing the receiver to lend out said money on good security, also the order entered in said chancery cause on the 10th of April, 1884, directing C. C. Lewis, general receiver, to collect all the money due to the credit of said suit and, if necessary, to institute legal proceedings for that purpose, also an order of said court made June 2, 1877, appointing Charles C. Lewis general receiver in lieu of Levi J. Woodyard, deceased, showing his qualification, and also directing the executor of said Woodyard to turn over all moneys, bonds, and securities in his hands, both as general and special receiver, to the new receiver, and directing said new receiver to do and perform such duties with regard to the funds and securities which may come into his hands as the said Woodyard was required by any decree or order of the court to do and perform, or such as he was required by law to do and perform; also another decree in said chancery suit of *Ruffner and Long* v. *Donally et als.*, appointing G. S. Laidley special receiver and directing him to collect said funds and pay over the same to the parties entitled thereto,—which was all the evidence heard upon the trial of the cause for either party.

The note, on which this suit was predicated, bears date on the 5th day of January, 1866, and the declaration seems to have been filed on the first Monday in November, 1885. The writ is not made part of the record, but it is presumed, it bore date more than ninety days before the filing of the declaration. The suit then was instituted nearly twenty years after the note was executed. The plea of the statute of limitations was interposed; and one of the questions, perhaps the most important question, in the case is, whether said plea should have been sustained by the court. Under the statute, which was in force at the time of the execution o

said note, every action to recover money, which was founded on any contract in writing signed by the party to be charged thereby or by his agent, but not under seal, should be brought within five years next after the right to bring the same shall have first accrued. When did the right of action accrue in this case? The note was made payable "on demand," and it is contended, that the words "on demand" are not employed as a matter of course or idle form, but they were employed to carry out the order of the court as to the disposition of the fund, the money being money in the hands of the receiver, which he was directed to loan out; and it appears from the decree directing said loan, that the receiver was directed to loan out said money on good security to be subject to the order of the court. This would make the loan a loan on call, if the parties executing said note had full notice of said order, which the court would presume they had. The contract for said loan was made with the receiver, who was merely the agent of the court and acting for the court in lending the money.

When did the court have a right to institute suit upon said note? After it had been executed and delivered to the receiver, it was under the control of the court in the hands of its agent. Parsons in his work on Mercantile Law discussing the question, when the statute of limitations begins to run, says on page 248: "And the general rule is, that it begins when the action might have been commenced, "referring to *Odlin* v. *Greenleaf*, 3 N. H. 270, where it is held: "An action of *assumpsit* is barred by the statute of limitations only in cases where the time limited in the statute has elapsed after the right of action accrued." Parsons further says: "If a credit is given, this period does not begin until the credit has expired; if a note on time be given, not until the time has expired, including the additional three days' of grace; if a bill of exchange be given payable at sight, then the six years begin after presentment and demand; but if a note be payable on demand, or money is payable on demand, then the limitation begins at once." See *Stafford* v. *Richardson*, 15 Wend. 302; *Hickok* v. *Hickok*, 13 Barb. 632.

This note being payable on demand, it was optional with

the court when it through its agent, the receiver, should in-
stitute suit to collect the same.    If the court was excusable
in allowing so much time to elapse  between the date of the
execution of said note and the decree directing the collec-
tion of the same by the receiver, it would seem to us, that
under the practice, when the plea of the statute of limita-
tions was interposed, and the plea was objected to by the
plaintiff, in addition to said objection he should have filed a
special replication setting forth the facts relied on to
excuse the delay and avoid the effect of said plea.    See
Ang. Lim. § 292, p. 315.    But no such replication was
filed, and none of the exceptions contained in the stat-
ute were relied upon by any such pleading to show,
that said plea did not apply or was qualified in any manner.
It is however contended here in argument, that the statute
of limitations can not be pleaded against the court; that in
this respect the court is like the state, and the old maxim,
*nullum tempus occurrit regi,* applies.    Our statute, Warth's
Code, § 20, p. 262 however provides, that "every statute of
limitation, unless otherwise expressly provided, shall apply
to the state."    The courts came into existence by virtue of
the constitution and the laws, which confer and define their
powers, and in the same category is found a municipal cor-
poration or a county.    They derive their powers under the
law.

   This Court held in the case of *City of Wheeling* v. *Camp-
bell,* 12 W. Va. 53, that the statute of limitations runs against
a county or other municipal corporation.    See, also, *Asylum*
v. *Miller,* 29 W. Va. 327, (1 S. E. Rep. 740), in which it is
held (page 329), that "public corporations, whether they are
municipal or mere agencies of the state, are all more or less
branches of the government and necessarily clothed with at-
tributes and incidents of sovereignty ; yet, when they are
clothed with the capacity to sue and be sued to have a com-
mon seal to take and hold property and transact business,
they are governed by the same laws, rules and regulations
and subject to the same limitations, that natural persons are,
except so far as they may be exempted or relieved by posi-
tive law."    Ang. Lim. § 194, p. 202.    Chief Justice MAR-
SHALL, in 2 Wheat. 29, in the case of *McIver* v. *Ragan,* speak-

ing of the application of the statute of limitations says: "Wherever the situation of a party was such as, in the opinion of the legislature, to furnish a motive for excepting him from the operation of the law, the legislature has made the exception. It would be going far for this court to add to those exceptions. It is admitted that the case of the plaintiffs is not within them, but it is contended to be within the same equity with those which have been taken out of the statute; as where the courts of the country are closed so that no suits can be instituted."

Our statute excepts neither courts nor their agent, the receiver, from the operation of said statute, and, although it seems necessary, that a receiver should apply to the court for power to collect sums invested by him as such, yet it is really the court bringing the suit through its agent, the receiver; and, if the receiver or those interested in the fund so loaned or invested by him have slept upon their rights unreasonably and have neglected to make application to the court for leave to sue for such a length of time, that the demand may be fairly regarded as stale, it would seem to furnish ample ground for a refusal by the court of the necessary leave to use its process to enforce the claim.

I am therefore of opinion, that, as the receiver, to whom this note was made payable, or those interested in the chancery cause of *Ruffner and Long* v. *Donally et. als.* might have obtained leave of the court to bring suit upon said note by mere motion at any time, in failing to do so they fall into the same category as any other suitor, who neglects to invoke the aid of the court in the assertion and prosecution of his claims, and that said suit was delayed too long, and the claim, upon which it was predicated, was barred, at the time said suit was instituted.

It is contended in argument that unless motion is made for a new trial, and, when said motion is overruled, a bill of exceptions is taken setting out the facts, no appeal can be granted. In the case however of *State* v. *Miller*, 26 W. Va. 106, this Court held: "While it is the usual practice, where a jury is waived and the case submitted to the court in lieu of a jury, if the party, against whom the judgment is rendered, is dissatisfied therewith, to except to the judgment and have

the court certify the facts proved, yet it is not necessary for the record to show, that the judgment was excepted to; it is sufficient, if the fact appear upon the record either by the certificate of the court or otherwise." Under this ruling then, where the case is tried by the court, it is not necessary to move to set aside the finding of the court, and upon said motion being overruled to take a bill of· exceptions setting forth the facts proved; it is sufficient, as in this case, if the facts in evidence appear upon the record by the certificate of the court or otherwise.

The judgment of· the Circuit Court must be reversed; and, this Court proceeding to enter such judgment as the court below should have entered, it is ordered, that the plaintiff's action be dismissed.

DISMISSED.