## Maynard v. Thompson.

(Decided January 31, 1919.)

### Appeal from Pike Circuit Court.

1. Pleading—Amendments.—Where a defendant styled his pleading "amended petition" by which a new defendant was brought into the action by summons thereon, the responsive pleading of the latter styled "Answer, Counterclaim and Cross Petition" although as a cross petition directed against other defendants, will be treated as an adverse pleading to the claim to the land in dispute of the defendant, who styled his pleading an "amended petition."
2. Adverse Possession—Limitation of Actions—Pleading.—When limitation or adverse possession is pleaded as a bar to the title asserted by an adverse party, it must be traversed and if any disability is relied upon to avoid the running of the limitation statute, it is new matter and must be pleaded; and the rule applies to married women no less than other persons laboring under disability.
3. Adverse Possession—Finding of Chancellor.—Appellee's claim of title by more than thirty years' adverse possession of the land in dispute and her plea of limitation against appellant's claim of

legal title thereto, not having been put in issue, the judgment of the chancellor upholding her claim will not be reversed.

STRATTON & STEPHENSON for appellant.

CLINE & STEELE, S. M. CECIL and J. M. ROBERSON for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

In this action filed January 6, 1910, by Linnie McCoy against the heirs and surviving husband of Nancy A. Maynard, and J. P. Miller, the father of appellee, the title to about an acre and a half of land is involved, it being claimed by Linnie McCoy under title bond, alleged to have been executed to her by Nancy Maynard and her husband, T. J. Maynard, in 1884. A. J. Maynard, a son of Nancy Maynard, claims it by inheritance and under deeds from the other heirs of his mother. Appellee, Belle Miller Thompson, claims it under title bond from Nancy Maynard and her husband, T. J. Maynard, executed in 1884 to Greene McCoy, and several mesne conveyances; she also claims title by adverse possession in herself and those under whom she claims, since 1884, and in addition pleads and relies upon the fifteen year and three year statutes of limitation, estoppel and champerty. The judgment of the chancellor dismissed the claims of Linnie McCoy and the Maynards, and adjudged the title to appellee, Belle Miller Thompson.

Only A. J. Maynard has appealed, so we shall confine ourselves to the controversy between him and appellee.

Although appellant was a defendant from the beginning of the action, the first pleading filed by him was on October 17, 1914, and is styled ''Amended Petition,'' in which he suggested the death of his co-defendant, J. P. Miller, and sought to revive the action against his heirs. In response to the summons on this ''amended petition'' appellee filed an answer, counterclaim and cross petition, the cross petition having been directed seemingly against only some new parties of whom she sought to recover on their warranties, in the event she was evicted, and not against her co-defendant, A. J. Maynard, now appellant; but as he styled his pleading by which she was brought into the controversy ''amended petition'' we shall treat her answer and counterclaim as an adverse pleading to appellant's claim, as it was manifestly intended and as it

was evidently treated by all parties in the court below. In that answer, counterclaim and cross petition, and a subsequent pleading which she styled ''Reply of Belle Miller Thompson to the petition of A. J. Maynard, &c., to be made a party,'' although A. J. Maynard had not filed a petition to be made a party, but had been a defendant at all times, she set up her title from Nancy A. Maynard, through Greene McCoy, N. B. McCoy, J. E. Yost, J. P. Miller and the heirs of J. P. Miller, and in addition in separate paragraphs pleaded title by continuous adverse possession since 1884, the three years' statute of limitation, the fifteen year state of limitation and estoppel. Up until this time appellant had filed no pleading except his ''amended petition,'' but thereafter on June 23, 1916, he filed an ''answer'' in which he simply stated that his mother died intestate in 1903, the owner of the tract of land in controversy; that at her death the land descended to her six children and two grandchildren, subject to the curtesy interest of T. J. Maynard, her surviving husband, and that since her death he had ''become the owner of all the right, title and interest of his brothers and sisters in and to the tract of land described in the petition, subject to the curtesy interest of T. J. Maynard; that no other person known to this defendant owns any interest in said land, except the owner of the life interest or curtesy interest of T. J. Maynard.'' He did not deny the adverse possession of appellee, or those under whom she claims, or traverse her pleas of limitation and estoppel, nor in fact did he traverse any allegation of any pleading in the record, except in so far as his assertion of title in himself, controverts the assertion of title by the other claimants; nor did any other party to the action even attempt to put in issue appellee's claim of title by continuous adverse possession since 1884, or either of her affirmative pleas of limitation.

It is therefore apparent upon the pleadings only, appellee was entitled to the judgment rendered in her behalf, because of the thoroughly established rule thus stated in Smith v. Cox's Committee, 156 Ky. 118:

''When limitation is pleaded it is essential that if the plaintiff relied on any disability to avoid the running of the statute, this under the present Code must be pleaded; for it is new matter and otherwise the defendant would not be apprised that this objection to the running of the statute was relied on. The rule applies to married women no less than other persons laboring under disability.''

See also Turner v. Gill, 105 Ky. 414; Wren v. Ficklin, 109 Ky. 472; Goff v. Goff, 182 Ky. 323.

Arguing the case solely upon its merits, counsel for appellant insist that as Mrs. Maynard did not convey the land to Greene McCoy, appellee's remote vendor, by deed, but executed only a bond for title in 1884, while she was under disability of coverture, and before the passage of the married woman's act in 1894, the bond for title was void, and she died the owner thereof; that as she was under disability of coverture until her death, the possession of those under whom appellee claims, was not adverse to her, and the statute of limitation did not begin to run against her. Although these propositions of law are true, yet they are not available to appellant, because of his failure to plead those facts which are new matter of avoidance of appellee's pleas of adverse possession and limitation. If, however, we might disregard appellant's failure to plead these matters of avoidance otherwise disclosed by the record, we might, we think, with equal consistency overlook the failure of appellee to plead the thirty year statute of limitation, which the record discloses was available to her, and a complete bar to apellant's claim of title which was first asserted in his answer filed June 23, 1916, more than thirty years after the beginning of the continuous adverse possession in 1884, of appellee and those under whom she claims; so whether we regard the pleadings only of appellant and appellee, or the merits of the case as disclosed from the record, the judgment of the chancellor is warranted.

Wherefore, the judgment is affirmed.