## NEAL CROWLEY v. JAMES A. GOUDY AND OTHERS.[1]

February 24, 1928.

Nos. 26,548, 26,549, 26,550, 26,551, 26,552, 26,553.

**Federal court may empower statutory enforcement in Minnesota court of stockholders' double liability.**

1. (a) A federal court has jurisdiction to empower a receiver of a Minnesota corporation, appointed by it, to institute actions in a state district court to enforce the constitutional superadded liability of stockholders, using the remedy provided by statute.

**Such liability is a substantive right enforceable in court of competent jurisdiction.**

(b) The constitutional provision (art. 10, § 3) for a superadded stockholders' liability creates a substantive right, enforceable in any court of competent jurisdiction as an incident of the receivership.

**Statutory remedy is not exclusive.**

(c) The remedy provided by statute for enforcing such liability is not exclusive.

**Rights of federal courts cannot be changed by a legislature.**

2. A legislature cannot enlarge or diminish the rights of the federal courts. The legislature did not intend to make the remedy available only to state courts; if it had, the attempt would have been ineffectual.

**Such double liability is contractual obligation of stockholder.**

3. The superadded liability is contractual in its nature and is assumed by one's becoming a stockholder.

Corporations, 14 C. J. p. 973 n. 9; p. 1085 n. 10; p. 1087 n. 40 New; p. 1101 n. 66 New.

See 7 R. C. L. 370; 2 R. C. L. Supp. 371.

Six actions in the district court for Goodhue county by the receiver of the Merritt Development Company to enforce stockholders' double liability. From an order, Schultz, J. overruling the de-

[1]Reported in 218 N. W. 121.

murrer to the complaint in each action, defendants separately appealed, the trial court having certified the questions presented as important and doubtful. Affirmed.

*A. J. Rockne* and *Albert Mohn,* for appellants.

*James E. Trask,* for respondent.

HILTON, J.

Appeal from an order overruling demurrers to the complaints, the court having certified that the questions raised are important and doubtful.

These six actions were brought by plaintiff as receiver of the Merritt Development Company, a Minnesota corporation, to enforce superadded liability under art. 10, § 3, of the state constitution. The business of the corporation was such as to make its stockholders subject to that liability.

Plaintiff was appointed as such receiver by the United States district court for the district of Minnesota. There is no question raised as to its jurisdiction thus far. After the assets had been disposed of, practically nothing was available for distribution to creditors. By its order, after due notice to stockholders and a full hearing, the court directed the receiver to enforce the constitutional liability of the stockholders in a state district court in accordance with the provisions of G. S. 1923, §§ 8025-8031.

The grounds of the demurrers were: (1) The state court had no jurisdiction of the defendants or the subject matter of the action; (2) the plaintiff had no legal capacity to sue; (3) the facts stated in the complaint did not constitute a cause of action.

1. The question involved is: Had the federal court jurisdiction to order the assessments and to empower the receiver to institute these actions? We think it had. That court reached the same conclusion, after a thorough discussion, in an able and exhaustive opinion citing numerous authorities. Grover v. Merritt Development Co. (D. C.) 7 F. (2d) 917.

The constitutional provision (art. 10, § 3) created a substantive right, enforceable in any court of competent jurisdiction, as an incident to the receivership. It was a proper and necessary part

in the complete winding up of the affairs of the corporation. The legislature provided a remedy which was here invoked. (G. S. 1923, §§ 8025-8031.) That procedure was however not exclusive but was an additional remedy. O'Brien Merc. Co. v. Bay Lake F. G. Assn. supra, p. 493. It was available for use by the federal court.

"The state legislatures * * * having created a right, and at the same time prescribed the remedy to enforce it, if the remedy prescribed is substantially consistent with the ordinary modes of proceeding on the Chancery side of the federal Courts, no reason exists why it should not be pursued in the same form as it is in the state Courts." Clark v. Smith, 13 Pet. 195, 203, 10 L. ed. 123.

"A party forfeits nothing by going into a Federal tribunal. Jurisdiction having attached, his case is tried there upon the same principles, and its determination is governed by the same considerations, as if it had been brought in the proper State tribunal of the same locality." Ex parte McNiel, 13 Wall. 236, 243, 20 L. ed. 624.

2. The contention that this remedy was available only to the state courts is not correct. Such was not the legislative intent and, even if it were, such purpose would be ineffectual. The legislature cannot enlarge or diminish the right to proceed in the federal courts. Pusey & Jones Co. v. Hanssen, 261 U. S. 491, 497, 498, 43 S. Ct. 454, 67 L. ed. 763.

"In all cases, where a general right is thus conferred, it can be enforced in any Federal court within the State having jurisdiction of the parties. It cannot be withdrawn from the cognizance of such Federal court by any provision of State legislation that it shall only be enforced in a State court." C. & N. W. Ry. Co. v. Whitton, 13 Wall. 270, 286, 20 L. ed. 571.

"A State cannot by any statutory provisions withdraw from the cognizance of the Federal courts a suit or a judicial proceeding in which there is such a controversy." Madisonville Tr. Co. v. St. Bernard Min. Co. 196 U. S. 239, 252, 253, 25 S. Ct. 251, 257, 49 L. ed. 462.

"A party by going into a National Court does not lose any right or appropriate remedy of which he might have availed himself in the State courts of the same locality. The wise policy of the Constitution gives him a choice of tribunals." Davis v. Gray, 16 Wall. 203, 221, 21 L. ed. 447.

3. The superadded liability is contractual in its nature and is assumed by one's becoming a stockholder. Mohr v. Minnesota Elev. Co. 40 Minn. 343, 346, 41 N. W. 1074; Hanson v. Davison, 73 Minn. 454, 461, 76 N. W. 254; Zander v. Affeldt, supra, p. 496.

Order affirmed.