[No. 24808. *En Banc.* April 25, 1934.]

M. D. CHANDLER, *as Receiver, Respondent,* v. WILL HUMPHREY *et al., Appellants.*[1]

*Francis W. Mansfield,* for appellants.

*Noah Shakespeare* and *Wm. A. Johnson,* for respondent.

MAIN, J.—This action was brought to recover upon the superadded liability of stockholders in an insolvent corporation. The cause was tried to the court without a jury, and resulted in findings of fact from which the court concluded that the plaintiff was entitled to recover. Judgment was entered against the defendants in the sum of $1,635, from which they appeal.

The facts are these: The Diamond Motor Parts Company was a corporation organized under the laws of the state of Minnesota. The appellants were stockholders in the corporation. January 23, 1929, the cor-

[1] Reported in 31 P. (2d) 1012.

poration being insolvent, the United States district court for the state of Minnesota appointed a receiver therefor. The present action was brought by the receiver against the appellants, who are residents of this state. In their answer, the appellants, as a defense, pleaded the statute of limitations of the state of Minnesota. Section III of Article X of the constitution of that state provides that:

"Each stockholder in any corporation, excepting those organized for the purpose of carrying on any kind of manufacturing or mechanical business, shall be liable for the amount of stock held or owned by him."

There is here no claim that the Diamond Motor Parts Company came within the exception specified in the constitution.

In 1931, and after the receiver had been appointed for the corporation, the legislature of the state of Minnesota passed a law in which it sought to impose a limitation upon the time within which an action to enforce a stockholder's superadded liability could be instituted. This act provides that, where the receiver of an insolvent corporation had been appointed more than eighteen months prior to the passage of the act, then an action to enforce the superadded liabilities of the stockholders of the insolvent corporation must be brought "within six months after the passage of this act." Laws of Minnesota, 1931, p. 231, § 2, ch. 205. That act went into effect April 18, 1931. The summons and complaint in this case were served October 15, 1931, but the complaint was not filed until December 4, 1931. From this, it appears that the complaint was not filed within the six months' limitation provided for in the Minnesota statute.

The only question presented upon the appeal is that of the statute of limitations.

■ If the act of the Minnesota legislature be considered a general statute of limitations, it would not follow the cause of action into this state, because general statutes of limitations are a part of the remedy, and the statute of limitations of the state where the action is brought will apply, and not the limitations where the cause of action arose.

In *Brunswick Terminal Co. v. National Bank of Baltimore*, 99 Fed. 635, 48 L. R. A. 625, it is said:

"It is a general rule, too well settled to admit of serious controversy at this late day, that the remedies, as distinguished from the rights of the parties, are determined by the law of the forum, and that the statutes of limitations are part of the remedy, and not of the laws affecting rights. [Citing authorities.]"

The case of *Freundt v. Hahn*, 24 Wash. 8, 63 Pac. 1107, 85 Am. St. 939, is to the same effect.

■ On the other hand, if it be assumed that the statute of the state of Minnesota, above mentioned, is a special statute which qualifies or limits a right given by the constitution of that state, the result would be the same. It is well settled that where, by statute, a right of action is given which did not exist at common law, and the statute giving the right also fixes the time within which the right may be enforced, the time so fixed becomes a limitation or condition upon the right, and will control, no matter in what jurisdiction the action may be brought.

This rule is applicable to special statutes of limitation where it appears that it was the legislative intent to make the time fixed therein a condition or limitation upon a right which should be created which did not exist at common law. Some of the cases say that the condition or limitation which will follow the right into the jurisdiction where the action is brought "modifies the same and in fact forms a part of the right itself,"

or that it may be so directed to the newly created liability "as to warrant saying that it qualified the right." *Swisher v. A. T. & S. F. Railway Co.*, 76 Kan. 97, 90 Pac. 812; *Brunswick Terminal Co. v. National Bank of Baltimore,* 99 Fed. 635, 48 L. R. A. 625; *Rodman v. Missouri P. R. Co.*, 65 Kan. 645, 70 Pac. 642, 59 L. R. A. 704; *Davis v. Mills,* 194 U. S. 451, 24 S. Ct. 692.

As already pointed out, if the statute be considered a general statute of limitations, then it would not follow the cause of action into this state. If it be considered a qualification or condition placed upon the right given by the constitution, then it would be equally ineffective, because the legislature would be without power to limit or qualify the right given by the constitution.

In *Crowley v. Goudy,* 173 Minn. 603, 218 N. W. 121, referring to the constitutional provision above mentioned, it was said:

"The superadded liability is contractual in its nature and is assumed by one's becoming a stockholder. [Citing authorities.]"

In *O'Brien Merc. Co. v. Bay Lake Fruit Growers Assn.,* 173 Minn. 493, 217 N. W. 940, it is said:

"A stockholder in an insolvent Minnesota corporation has a definite and certain constitutional liability. The legislature has nothing to do with this liability except to prescribe the procedure for its enforcement."

The judgment will be affirmed.

BEALS, C. J., MITCHELL, TOLMAN, HOLCOMB, STEINERT, BLAKE, and GERAGHTY, JJ., concur.

MILLARD, J. (concurring in the result)—I concur in the result. I am unwilling to even inferentially hold that we may declare a statute of another state invalid under the constitution of that state. Where the limita-

tion provisions constitute a part of a definition of a cause of action created by the same or another provision, such statutory provision or provisions operate as a limitation upon liability.

The case at bar belongs to the class where the statutory provisions fixing the time within which suits must be brought to enforce an existing cause of action, apply to the remedy only.