[No. 30689.  Department Two.  April 29, 1949.]

WILLIAM KRUSSOW, *Appellant,* v. C. R. STIXRUD *et al., Respondents.*[1]

[1]Reported in 205 P. (2d) 637.

*Hutchinson & Ulvestad,* for appellant.

*Eggerman, Rosling & Williams* and *Henry E. Kastner,* for respondents.

ROBINSON, J.—This is an action in replevin, brought by William Krussow, as alleged cwner of a 1939 Oldsmobile two-door sedan, against his former wife, now Ethel Friend, and against C. R. Stixrud and wife who hold the car as purchasers from Ethel. In 1942, Krussow and Ethel were married and living in Chicago. In June of that year, Ethel took the automobile involved in this suit and came to Seattle on a vacation. On July 9, 1942, her suit for separate maintenance was filed in the superior court of Cook county. She having returned, with the automobile, to Illinois, a hearing was held, at which Krussow was ordered to make certain weekly payments to her. Krussow apparently made no attempt at this time to gain possession of the car. Shortly thereafter, Ethel again left Illinois and drove the automobile back to Seattle, where she took up her residence.

On May 25, 1943, Krussow filed a petition to dismiss Ethel's bill of complaint in the separate maintenance action,

and a hearing was held. On September 20, 1943, a court order was entered, directing Krussow to pay Ethel the sum of three hundred dollars, accrued on the previous order, and finding the title to the automobile here involved to be in Krussow.

Meanwhile, on September 3, 1943, Ethel had begun a divorce action in the King county superior court, based on a fraudulent allegation that the summons and complaint had been served on Krussow within King county. On October 13, 1943, she obtained an interlocutory decree. In her bill of divorce, she alleged that she was the owner of the automobile and that it was originally in her name, but that Krussow had forged title, placing title in his own name. The automobile was awarded to her, and she thereupon sold it to Stixrud, transferring her title to him.

On January 7, 1944, Krussow petitioned the Cook county superior court for an injunction restraining Ethel from obtaining a final decree in her King county divorce action. The interlocutory decree was subsequently set aside. According to appellant's brief, this took place on September 25, 1946. Krussow brought this action against Stixrud, his wife, and Ethel on October 5, 1946, alleging in his complaint that he was the owner of the automobile, and that

". . . the said defendants wrongfully took the said automobile from the possession of this plaintiff and now wrongfully hold the same."

In their answers, respondents set up, as an affirmative defense, the statute of limitations dealing with actions for the recovery of personal property. In his reply, appellant countered this allegation with a general denial.

The case proceeded to trial, and appellant presented his evidence, part of which was the Illinois court order, issued in the separate maintenance action, awarding the automobile to Krussow. Upon presentation of appellant's evidence, the trial judge stated that, although he would be compelled to hold, in the absence of a further showing, that Krussow was entitled to the return of the automobile, it was his opinion that, in the absence of a complete record of the Illinois court

proceeding, he should continue the case, holding it for a period of thirty days or six weeks in order that the attorneys might supply the further evidence necessary.

Counsel for respondents, however, indicated that he had testimony with reference to the statute of limitations which might render it unnecessary to do this. The court directed him to proceed. Ethel was placed on the stand and testified as to the time she came to Washington, Krussow's knowledge of her whereabouts, and the circumstances of her sale of the car to Stixrud. In the course of her testimony, the trial judge announced that he was ready to decide the case. Over the urgent objections of counsel for appellant, he declared that, in his view, the statute of limitations barred Krussow from interfering with the present ownership and claim of Stixrud.

Appellant requests a new trial, and assigns as error both the interruption of the trial in this manner and the decision that the statute of limitations was decisive of the issue.

■ It is clear that, if any statute of limitations is applicable to this case, it is the Washington statute. Statutes of limitation are a part of the remedy, and the statute of limitations of the forum will govern, and not that of the state where the cause of action arose. *Arthur & Co. v. Burke*, 83 Wash. 690, 145 Pac. 974; *Chandler v. Humphrey*, 177 Wash. 402, 31 P. (2d) 1012. The applicable statute, therefore, is Rem. Rev. Stat. (Sup.), § 159 [P.P.C. § 73-11], which states that the following action should be brought within three years:

"An action for taking, detaining, or injuring personal property, including an action for the specific recovery thereof, or for any other injury to the person or rights of another not hereinafter enumerated."

■ Ethel having been a nonresident of the state at the time the cause of action accrued, this statute would only begin to run from the time that she became a resident here. Rem. Rev. Stat., § 168 [P.P.C. § 73-29]; *Weber v. Yancy*, 7 Wash. 84, 34 Pac. 473.

■ There is evidence in the record to indicate that Krussow knew where she went, and no suggestion that she concealed her whereabouts from him; therefore, the further principle, set forth in *Manka v. Martin Metal Mfg. Co.*, 153 Kan. 811, 113 P. (2d) 1041, 136 A. L. R. 653, applies:

"Where the thief conceals the property, he may not plead the statute of limitations in his own defense, but where he holds the property openly and notoriously, so that the owner has a reasonable opportunity of knowing its whereabouts and of asserting his title, the statute begins to run; this, not on the theory the thief is to be protected, but because of the failure of the owner to make timely assertion of his claim."

See, also, *Dee v. Hyland*, 3 Utah 308, 3 Pac. 388.

With these principles in mind, it appears clear that the statute began to run, if not in June, when Ethel came to Seattle on a vacation, at least in July, when she moved there to live.

■ In the latter part of 1943, Ethel sold the automobile to Stixrud. There is ample evidence to indicate that Stixrud, having bought a title awarded to Ethel by the King county superior court, purchased the car in good faith. An innocent purchaser, for value, may tack to his period of possession the time which the thief held the property in open and notorious possession, and if the total time of such possession exceeds the statutory period within which an action might be brought, the purchaser may successfully urge the statute as a defense. See *Gatlin v. Vaut*, 6 Ind. T. 254, 91 S. W. 38; affirmed 31 Okla. 394, 120 Pac. 273, quoted with approval in an annotation at 136 A. L. R. 658, 659, and in 34 Am. Jur. 110, Limitation of Actions, § 136.

It is thus apparent that, between July, 1942, when the statute began to run, and October 5, 1946, when this action was brought, the full statutory period had more than run out, and that, on the basis of the evidence presented, the trial court was correct in holding that the statute of limitations should bar this action.

Appellant, however, asserts that the running of the statute was tolled during the bulk of this period by reason of his

claimed inability to bring suit during that time. Thus, he contends that, from the filing of the separate maintenance suit until September, 1943, when the automobile was awarded to him by the court of Illinois, he could not have brought replevin in Washington, since, according to the allegations of his brief, title to the car was then pending in the Illinois court. He further contends that, from the time Ethel brought her fraudulent divorce action in September, 1943, until the decree in that action was set aside as void in September, 1946, he was equally unable to bring replevin here, since, in any such action, he would either be met with the showing that the divorce suit was pending, or with the outstanding title which the King county court awarded Ethel in that action. He argues that, if the time involved in these two periods be eliminated, it is clear that the three years prescribed in the statute did not elapse between June 1, 1942, and October 5, 1946, and that, consequently, he was entitled to bring his action on the latter date.

It is unnecessary, however, for the court to consider the merits of this contention, as, in our view, it was not properly presented to the lower court by the pleadings. It of course involves an attempt to set up matter in avoidance of the statute. Respondents here pleaded, in their answer, the statute of limitations involved in actions for the recovery of personal property. Appellant's only reply was a general denial. Under such a denial, evidence could unquestionably be admitted to show that the period specified in the statute had not in fact passed between the accrual of the action and the filing of the suit. *Goff v. Goff*, 182 Ky. 323, 206 S. W. 466. But, by the overwhelming weight of authority, it is not sufficient to allow the introduction of evidence intended to bring the case within any of the exceptions to the statute. In order to introduce such evidence and to rely on it as avoiding the bar of the statute, plaintiff, in his reply, should have alleged a "particular exception to the statute or other matter in avoidance of it." See Annotation in 115 A. L. R. 755, 765, and cases there cited, particularly, *Mounts v. Charles*, 187 Ky. 421, 219 S. W. 184; *Maynard v. Thompson*,

183 Ky. 140, 208 S. W. 761; *Evans v. Rutherford,* 76 Ind. App. 366, 131 N. E. 55; *Powers v. Schubert* (Tex. Civ. App.), 220 S. W. 120; *Laidley v. Smith,* 32 W. Va. 387, 9 S. E. 209, 25 Am. St. 825; *Clawson v. Boston Acme Mines Development Co.,* 72 Utah 137, 269 Pac. 147, 59 A. L. R. 1318; *Clarke v. Mayfield,* 3 Cranch, C.C. 353, Fed. Cas. No. 2,858. See, also, *Ladies' Auxiliary Asbury Park Lodge, etc. v. Asbury Park Lodge, etc.,* 129 N. J. L. 364, 29 A. (2d) 881, affirmed in 130 N. J. L. 556, 33 A. (2d) 901; *Girson v. Girson,* 112 Mont. 183, 114 P. (2d) 274; 54 C. J. S. 510, § 376, p. 512, § 377a; 34 Am. Jur. 343-346, §§ 437-441; 1 Wood, Limitation of Actions (4th ed.), 28, § 7; 1 Bancroft's Code Pleading, Practice and Remedies (1946 Supp.) 232, § 466.

In his brief, appellant states:

"In this case the court foreclosed the attorney for the plaintiff from cross-examining the defendant's witness and from presenting any desired rebuttal testimony. Plaintiff is convinced that the court would have given an entirely different judgment had he listened to the whole case."

In order to have caused the court to render a different judgment, it is apparent that such rebuttal testimony would, of necessity, have been introduced to controvert respondents' defense of the statute of limitations by bringing the case within an exception avoiding its bar. Offered for this purpose, this evidence could have been objected to under the existing state of the pleadings.

It is true that certain facts tending to support appellant's contention had previously been brought in without objection; but there had been at that time no indication that these facts were to be used to establish a theory of the case not presented by the pleadings. The issues before the court were simple. There was an affirmative plea of the statute of limitations, which had been met with a general denial. When the court was satisfied that the period of limitations had in fact passed, and that the action was therefore barred, it rendered its decision. Perhaps it acted in an irregular manner, but, under the then existing state of the pleadings

and proof, we do not believe that its action was unwarranted or that appellant was unfairly prejudiced thereby.

The judgment is affirmed.

MALLERY and SCHWELLENBACH, JJ., concur.

BEALS, J., concurs in the result.

SIMPSON, J., dissents.

