[No. 7953–1–I. Division One. April 6, 1981.]

VIRGINIA SOBO, *Appellant,* v. WILLIAM T. SOBO, *Respondent.*

*David C. Pearson,* for appellant.

*Joseph R. Burns,* for respondent.

JAMES, C.J.—Plaintiff, Virginia Sobo (Virginia), appeals from a dismissal of her complaint seeking past–due child support and maintenance. We affirm.

The parties were divorced on May 14, 1963, pursuant to a Missouri divorce decree. Under the terms of that decree, William Sobo (William) was ordered to pay $75 per week—$45 per week for child support and $30 per week for maintenance. Shortly after the decree was entered, William left Missouri and established his domicile in the state of Washington.

After William moved to Washington, he made only periodic payments and Virginia instituted proceedings in Missouri for enforcement of the child support provisions under the Uniform Reciprocal Enforcement of Support Law. On July 9, 1964, an agreed order and judgment under the

enforcement support act was filed in King County cause No. 623430, directing William to pay $100 per month into the registry of the King County Court for transmittal to Missouri. William made periodic payments under this order until February of 1970. Virginia's present action does not seek enforcement of this order and judgment.

On August 9, 1965, Virginia instituted a second action in Washington to register the Missouri divorce decree. The petition in that cause of action, King County cause No. 644782, recites that William owed a balance of $7,094.48 on June 18, 1965. On July 11, 1966, an order was entered in that cause stating "that the foreign judgment registered herein has become and is a final personal judgment of this Court." Exhibit 3. No enforcement proceedings were ever instituted in this cause of action.

On September 27, 1977, Virginia instituted the present proceeding, King County cause No. 834903. Although her complaint contains no allegations concerning either of the prior King County causes of action and prays for a money judgment based on the original Missouri decree, at trial she introduced evidence establishing the existence of the prior Washington proceedings.

Virginia first contends that the trial judge erroneously applied Missouri law to bar her suit on the Missouri judgment. She argues that because enforcement of a foreign judgment is a procedural matter, the trial judge should have applied Washington's statute of limitations. We do not agree.

 Washington follows the general rule that "[s]tatutes of limitation are a part of the remedy, and the statute of limitations of the forum will govern, and not that of the state where the cause of action arose." *Krussow v. Stixrud,* 33 Wn.2d 287, 290, 205 P.2d 637 (1949). An exception to the general rule exists, however, where the foreign statute's operation is not merely a limitation of the remedy, but operates to extinguish the judgment creditor's rights. *See Chandler v. Humphrey,* 177 Wash. 402, 31 P.2d 1012

(1934). In this case, the Missouri statute[1] is not a statute of limitations but is, rather, a "presumption of payment" statute. The Missouri Supreme Court has interpreted the statute as creating a conclusive presumption of payment that extinguishes the judgment creditor's right of action. *Wormington v. Monett,* 358 Mo. 1044, 218 S.W.2d 586 (1949). The trial judge, therefore, correctly determined that Missouri law applied.

Missouri's presumption of payment statute applies to both alimony and child support. *Mayes v. Mayes,* 342 Mo. 401, 116 S.W.2d 1 (1938). Further, the payments William made under the enforcement support act do not operate to revive the underlying judgment. *See Mayes v. Mayes, supra; Anchors v. Anchors,* 107 P.2d 973 (Cal. Dist. Ct. App. 1940). By operation of Missouri law, therefore, Virginia's Missouri divorce decree is conclusively presumed paid. *Harold v. Paradise,* 36 Ohio App. 2d 71, 302 N.E.2d 902 (1973).

Virginia next contends that even if no suit may be maintained directly on the Missouri judgment, she has a claim by reason of her registration of the Missouri decree in 1965. We do not agree.

██ As noted earlier, Missouri law conclusively presumes that the alimony and child support provisions of the divorce decree have been paid. This conclusive presumption of payment operates as a bar to collect on any judgment based on the original Missouri decree. Restatement (Sec-

---

[1]Mo. Ann. Stat. § 516.350 (Vernon) reads as follows: "Every judgment, order or decree of any court of record of the United States, or of this or any other state, territory or country, shall be presumed to be paid and satisfied after the expiration of ten years from the date of the original rendition thereof, or if the same has been revived upon personal service duly had upon the defendant or defendants therein, then after ten years from and after such revival, or in case a payment has been made on such judgment, order or decree, and duly entered upon the record thereof, after the expiration of ten years from the last payment so made, and after the expiration of ten years from the date of the original rendition or revival upon personal service, or from the date of the last payment, such judgment shall be conclusively presumed to be paid, and no execution, order or process shall issue thereon, nor shall any suit be brought, had or maintained thereon for any purpose whatever."

ond) of Conflict of Laws § 116 (1971). Comment *c* provides in part:

> When a judgment is rendered in one state upon the judgment of a court of another state, both judgments will remain in force until one of the judgments is discharged. As between States of the United States payment, *or other discharge,* of one of these judgments under the local law of the State of its rendition will discharge the obligation of the other judgment.

(Italics ours.) Although arguably the trial judge erroneously determined that Washington's statute of limitations barred Virginia's action on the Washington judgment, *see St. Germain v. St. Germain,* 22 Wn.2d 744, 157 P.2d 981 (1945), "[w]here a judgment or order is correct it will not be reversed merely because the trial court gave wrong or insufficient reason for its rendition." *Pannell v. Thompson,* 91 Wn.2d 591, 603, 589 P.2d 1235 (1979).

Because Missouri's conclusive presumption of payment bars Virginia's suit, we need not discuss the parties' remaining contentions.

Affirmed.

CALLOW and DURHAM, JJ., concur.