[No. 12415-3-I. Division One. December 27, 1984.]

*In the Matter of the Marriage of* DENISE M. ULM, *Appellant, and* BOYD H. ULM, *Respondent.*

*Neubauer, Mair, Abercrombie & Hunsinger* and *Michael D. Hunsinger,* for appellant.

*Rodney G. Pierce,* for respondent.

CORBETT, A.C.J.—Denise M. Ulm, now Denise M. Clements, appeals the order vacating entry of a foreign judgment. We affirm.

Boyd H. Ulm (husband) and Denise M. Ulm (wife) were divorced in California on June 7, 1966. The California decree required the husband to pay $100 per month in child support commencing August 1, 1965. He was also ordered to pay the wife $1,600 as her share of community property. Husband has resided in Washington since 1965.

In 1981, the wife sought an order of the California court to determine the support arrearage owed by the husband for August 1965 through October 1974, and the amount unpaid on the community property division. By order dated March 23, 1982, the California court determined the total arrearage. On June 25, 1982, the wife filed the California order in King County following the procedure set forth in the Uniform Enforcement of Foreign Judgments Act, RCW 6.36. Husband moved to vacate the judgment, asserting as a defense the statute of limitation. The trial court vacated all but $1,263.60, which represented support and accrued interest not barred by the Washington statute of limitation. Wife assigns error to this order.

Each installment of child support, when unpaid, becomes a separate judgment. *Kruger v. Kruger,* 37 Wn. App. 329, 332, 679 P.2d 961 (1984). Wife does not assert that the California rule is otherwise. She contends, however, that under California law the statute of limitation was tolled by the husband's absence from the state. She also contends that the 1982 California order was a fresh judg-

ment which was entitled to full faith and credit and subject to the statute of limitation from the date of registration in Washington.

Husband concedes that the California statutes pertaining to enforcement of judgments differ from the Washington statutes. Cal. Civ. Code § 685 provides a means of enforcement where there has been an excusable failure to seek satisfaction of the judgment within the 10-year period of limitation fixed by section 681.

The Uniform Enforcement of Foreign Judgments Act, RCW 6.36.025,[1] provides that a foreign judgment filed in Washington is subject to the same defenses and may be enforced in the same manner as a judgment of this state. Read together, RCW 4.16.020(2)[2] and RCW 4.56.210[3] do not permit enforcement of child support arrearages after 10 years from the date each payment becomes due, even though the amount of arrearage is reduced to a fixed

---

[1] "Filing of foreign judgment—Authorized—Effect. A copy of any foreign judgment authenticated in accordance with the act of congress or the statutes of this state may be filed in the office of the clerk of any superior court of any county of this state. . . . A judgment so filed has the same effect and is subject to the same procedures, defenses, set-offs, counterclaims, cross-complaints, and proceedings for reopening, vacating, or staying as a judgment of a superior court of this state and may be enforced or satisfied in like manner." RCW 6.36.025.

[2] "Actions to be commenced within ten years. The period prescribed for the commencement of actions shall be as follows:
"Within ten years:
". . .
"(2) An action upon a judgment or decree of any court of the United States, or of any state or territory within the United States, or of any territory or possession of the United States outside the boundaries thereof, or of any extraterritorial court of the United States." RCW 4.16.020.

[3] "Cessation of lien—Extension prohibited. After the expiration of ten years from the date of the entry of any judgment heretofore or hereafter rendered in this state, it shall cease to be a lien or charge against the estate or person of the judgment debtor, and no suit, action or other proceeding shall ever be had on any judgment rendered in this state by which the lien or duration of such judgment, claim or demand, shall be extended or continued in force for any greater or longer period than ten years from the date of the entry of the original judgment." RCW 4.56.210.

amount within the 10–year period. *Kruger,* at 332; *Valley v. Selfridge,* 30 Wn. App. 908, 914, 639 P.2d 225 (1982).

 Washington, as the forum state, may apply its own statute of limitation to actions seeking to enforce foreign judgments. Restatement (Second) of Conflict of Laws § 142 (1971); *see Krussow v. Stixrud,* 33 Wn.2d 287, 290, 205 P.2d 637 (1949); *Sobo v. Sobo,* 28 Wn. App. 766, 768, 626 P.2d 520 (1981). Because the limitation is procedural rather than substantive, the foreign judgment is not deprived of full faith and credit. *Newhouse v. Newhouse,* 271 Or. 109, 530 P.2d 848, 849 (1975); 47 Am. Jur. 2d *Judgments* §§ 953–954 (1969).

Wife relies upon *Wellington v. Wellington,* 19 Wn. App. 328, 575 P.2d 1088 (1978). After a careful review of *Wellington,* we conclude that it is not dispositive of this case. Each of the three opinions is based upon different reasoning, and the facts are not entirely clear. More importantly, none of the opinions considers the effect of RCW 6.36.025, upon which the husband relies.

Husband has the right to present as a defense to the foreign judgment that which would be a defense to a judgment of the Washington court. RCW 6.36.025. The statute of limitation is a defense to a Washington judgment for support arrearage. RCW 4.56.210. The trial court did not err by vacating the California order to the extent that the judgment was limited by this statute.

Affirmed.

WILLIAMS and RINGOLD, JJ., concur.