## ST. FRANCIS MILL COMPANY et al. v. SUGG et al., Appellants.

### Division One, June 18, 1902.

1. **Fraudulent Conveyance:** EXTRINSIC ISSUES. In a suit to set aside a deed as being in fraud of the grantor's creditors, the decree can not be denied on the ground that the grantor had no title to the land. If plaintiff's petition states a good cause of action, and all the issues are found in his favor, the decree should follow as a matter of course. In such case no suggestion of a defect in the title of the debtor, who made the fraudulent conveyance, should enter into a consideration of the case.

2. ———: WRONG DECREE: GRANT OF NEW TRIAL: APPEAL: FINAL JUDGMENT. In a suit to set aside a deed as having been made to hinder and delay the grantor's creditors, the court found all the issues for the plaintiff, but refused the decree prayed for on the ground that the grantor had no title, but afterwards set this decree aside, and the defendant appealed. *Held*, that as the court had undertaken, by granting the new trial, to correct whatever of error there was in his own ruling, the Supreme Court will not review the evidence and enter the decree here which it authorizes, although the case has been in court for twenty-five years and the record is very voluminous.

3. ———: DECEASED GRANTOR: ASSETS TO PAY DEBTS. Creditors may assail a deed made by a deceased debtor in his lifetime, and when it is set aside at their suit, as having been made in fraud of creditors, his administrator may treat the property thus uncovered as assets of his estate.

4. ———: JUDGMENTS AGAINST GRANTOR: PRESUMPTION OF PAYMENT: LIMITATIONS. The time covered by the pending of a suit to set aside a deed as being fraudulent of the rights of the grantor's creditors, is not to be taken into account either to create a bar by limitation to such suit, or to raise a presumption that the judgment in favor of the creditors on which the suit is founded is paid.

Appeal from Dunklin Circuit Court.—*Hon. J. L. Fort*, Judge.

AFFIRMED.

*R. B. Oliver* and *Wilson Cramer* for appellants.

(1) Under the facts shown by the evidence, defendants were entitled to recover, and the judgment rendered by the Dunklin Circuit Court, at its November term, 1900, dismissing plaintiffs' bill, was for the right party. (2) Where, upon the whole record, the judgment is for the right party, it will not be reversed on appeal, although the reasons assigned therefor by the court below are not correct. (3) These judgments were no longer debts of Wm. S. Sugg, deceased, or of his estate, nor evidences of indebtedness, but were in law conclusively presumed to be paid and satisfied. (4) The court will examine all the testimony bearing on the ninth and twelfth assignment of plaintiff's motion for a new trial. Herdler v. Buck's Stove Co., 136 Mo. 8. (5) This being a suit in equity, this court will give to the testimony such consideration as the trial court should have given. Hoeller v. Haffner, 155 Mo. 589; Swan v. Stevens, 143 Mo. 396; Benne v. Schnecko, 100 Mo. 250. (6) Grantee must have notice of intent of grantor to hinder, delay, etc. (7) Recital of payment of consideration prima facie evidence. Bump, Fraud. Conv. (2 Ed.), 575. (8) Fraudulent transfer is good as against administrator, heir, etc. Bump, Fraud. Conv. (2 Ed.), 437 and 438; Rose v. Winn, 93 Mo. 511; Cook v. Full, 111 Mo. 288. (9) After ten years from its rendition a judgment is dormant and no execution can be issued upon it. R. S. 1899, sec. 3722.

*John M. Wood, Joseph A. Wright, W. H. Clopton* and *C. P. Hawkins* for respondents.

(1) Though the conveyance complained of may have been fraudulent, the claim is urged that these judgments are barred by the statute of limitations. This contention illustrates most

clearly that defendants can only hope to secure these lands, fraudulently conveyed to Wiley P. Sugg, by interposing technicalities. The test to be applied to these judgments is whether they properly formed the basis of a bill in equity when the original petition was filed. If these judgments were then valid, the continuance of this suit for twenty-seven years does not impair their vitality. The cause of action is preserved and remains unimpaired as of the beginning of the suit. All these judgments having been in full vitality in 1875, on the filing of the petition, plaintiffs lost none of their rights—rights fixed when the summons was served on Wiley P. Sugg in 1875. Counsel for appellant lose sight of the equitable character of the lien created by a creditor's bill, and of the mission and purpose of *lis pendens* thereby secured, viz., preserving the subject-matter or *res* involved in controversy until final judgment and decree. Cincinnati v. Hafter, 49 Oh. St. 60, 30 N. E. 197; Ryan v. Bank, 71 Fed. 912, 18 C. C. A. 384, 25 U. S. A. 582. "But although defendant in error had no judgment lien on the land by virtue of the statute, yet when he exhibited his bill in chancery to impeach the conveyance that had been made, and obtained service upon the defendants to the bill, the *lis pendens* was an equitable levy and created an equitable lien on the lands; and it is wholly unimportant that the final decree establishing the lien and ordering a sale was not rendered until long after the judgment at law had ceased to be a lien, by force of the statute, upon the real estate of the judgment debtor." 13 Am. and Eng. Ency. Law, 903; Wright v. Rhodes, 42 Tex. 523; Haughwont v. Murphy, 22 N. J. Eq. 531. (2) Appellants contend that under section 6795, Revised Statutes 1889, the judgments had ceased to be any evidence of indebtedness of William S. Sugg. This statute was designed for a rule of evidence, and can not be invoked as a statute of limitation. It expressly provides that the presumption of payment "may be repelled by proof of payment or of written acknowledgment of indebted-

ness, made within twenty years, of some part of the amount received." On the trial of this cause in 1900, plaintiffs offered in evidence the final settlement of Benjamin T. Walker, administrator of William S. Sugg, entry of approval of final settlement, and order of distribution of the probate court directing payment to plaintiff of about eight per cent of their judgment, all made in 1882. The records referred to most conclusively rebut any presumption of payment. Clemens v. Wilkinson, 10 Mo. 98; Manning v. Hogan, 26 Mo. 570; Ewing v. Taylor, 70 Mo. 394. (3) The decree of the court below dismissing plaintiff's bill was, as appears from the decree, based on the sole ground that the patents from Dunklin county to William S. Sugg, issued in 1870, conveyed no title to the land in question. Did the court err in dismissing the bill on this ground? (a) Both parties conceded and proceeded upon the theory that this conveyance was valid. The validity, therefore, of these patents was not in issue in the cause. (b) It does not appear from the record that at the time of instituting this suit or the purchase of the lands in question at the administrator's sale, the plaintiffs had either actual or constructive notice that these patents were invalid. (c) Recognizing the correctness of the law as declared in State ex rel. v. Crumb, 157 Mo. 545, until the State of Missouri, in behalf of the public schools, shall choose to disaffirm said patents as having been executed in violation of law and of the trust reposed in Dunklin county, the legal title must be considered as having passed by said patents to William S. Sugg. Kelley v. Vandiver, 75 Mo. App. 440; Robertson v. Wheeler, 162 Ill. 566; Anthony v. Wheeler, 130 Ill. 128; Lewin on Trusts (3 Am. Ed.), 250; Gale v. Messing, 20 Mo. 461; Barr v. Cubbage, 52 Mo. 404; Railroad v. Green, 68 Mo. 169; Neilson v. Lagow, 12 How. 98; Stanley v. Colt, 5 Wall. 119.

VALLIANT, J.—Appeal from an order sustaining a motion for a new trial.

It is a suit in equity by judgment creditors to set aside a deed of their debtor, W. S. Sugg, alleged to have been executed without consideration for his own use and to defraud his creditors.

The trial court found for the plaintiffs on the issues of fact in the case, but dismissed their bill on the ground that the debtor did not have title to the land. Plaintiffs in due time filed a motion for a new trial, which upon consideration was by the court sustained upon the ground that the court had taken the wrong view of the title to the land and that after finding the issues as to the alleged fraudulent conveyance in favor of the plaintiffs, the judgment should have been in their favor. From that ruling this appeal is prosecuted.

This cause has been pending for more than twenty-five years; this is the second appeal to this court; something of its history and the cause of the delay may be read in the report of the case on its first appeal. [St. Francis Mill Co. v. Sugg, 142 Mo. 364.] The record before us is very voluminous, embracing nearly one thousand printed pages, yet the point to be decided on this' appeal is a simple one, and its decision will leave the cause still pending for a new trial.

Unquestionably the trial court's ruling, sustaining the motion for a new trial, was correct. The decree dismissing the plaintiffs' bill after the finding of all the issues in their favor, was contradictory of itself and could not stand. The plaintiffs in their petition asserted title in their judgment debtor and predicated their claim on that title. The defendants in their answer, as positively asserted title in the same person and predicated their claim on that title, which they asserted passed to their ancestor by the very deed which the plaintiffs seek in this suit to set aside. Neither party questioned the validity of the patents from Dunklin county to W. S. Sugg and neither party can do so in this suit without,

in effect, disclaiming all interest in the land. For the purposes of this suit, therefore, we are to assume that the title was as stated in the petition, in W. S. Sugg, and, therefore, if he was indebted to the plaintiffs as alleged and if he made the conveyance to the defendants' ancestor for the purpose and under the conditions alleged in the petition, the conveyance should be set aside, and no suggestion of a defect in the title of the debtor who made the conveyance should enter into the consideration of the case.

It is insisted by appellants, however, that the trial court was not justified by the evidence in finding the issues for the plaintiffs, and that this court should now review the evidence and find for defendants on the facts and dismiss the bill, citing in support of their contention that the court has the authority to do so: Benne v. Schnecko, 100 Mo. 250; Swon v. Stevens, 143 Mo. 384; Hoeller v. Haffner, 155 Mo. 589. And on the other hand, respondents are equally as earnest in their contention that the evidence leaves no room to doubt the correctness of the chancellor's finding, and, therefore, this court ought to enter final judgment for the plaintiffs.

The authority of appellate courts to review the chancellor's findings in such cases, is well settled and the jurisdiction under some circumstances to enter final judgment is also established. But in this case the chancellor has undertaken to correct whatever there was of error or mistake in his own rulings, and justice requires that he should be permitted to do so, before this court passes on it finally. And as the cause is to be retried we do not deem it proper to express any opinion on the weight of the evidence further than to say the record does not justify the entering of a final judgment here, although both sides, each from its own standpoint, ask in their briefs that it be done.

This suit was begun in 1875. The first decree was rendered in August, 1880, setting aside the deed complained of as fraudulent. W. S. Sugg, the judgment debtor, was then

dead and administration was pending on his estate.    After that decree the administrator of the estate of W. S. Sugg petitioned the probate court for an order to sell the land to pay the debts of the estate, which order the probate court made. The lands were sold by the administrator, and the plaintiffs became the purchasers.    All that occurred while the parties overlooked the fact that a motion for a new trial had been filed and the record did not show that it had been overruled. That error was the subject of the former appeal.    [St. Francis Mill Co. v. Sugg, 142 Mo. 364.]

Appellants now advance the point that assets conveyed by an intestate in fraud of his creditors are not available to the administrator to pay debts, and George v. Williamson, 26 Mo. 190; Hall v. Callahan, 66 Mo. 316, and Zoll v. Soper, 75 Mo. 460, are cited to sustain the point.    Those cases go no farther in the direction contended for than to hold that an administrator, as to the acts of his intestate, stands in his shoes, and can not assail his deed for fraud, even though it be to recover assets to pay creditors of the estate.    But there is no authority for the proposition that creditors may not assail a deed made to defraud them by their deceased debtor in his lifetime, and when the deed is set aside at their suit that the administrator may not treat the property thus uncovered as assets of the estate.

Appellants also contend that the judgments on which this suit is founded are now more than twenty years old and are conclusively presumed to be paid.    [R. S. 1899, secs. 3722 and 4297.]    The judgments on which the plaintiffs base their suit were rendered in 1871, 1872, and 1873, and this suit was begun in 1875.    For the purposes of this suit the statute of limitations ceased to run in 1875 and the time covered by the pending of the suit is not to be taken into account either to create a bar by limitation or to raise a presumption of payment.

The order sustaining the motion for a new trial was right and is affirmed.    All concur.