J. II. WORMINGTON (Mabel Woolsey, Administratrix of the Estate of J. H. Wormington, Deceased), Appellants, v. CITY OF MONETT, Respondent.—No. 40960.—218 S. W. (2d) 586.

Court en Banc, March 14, 1949.

*W. D. Tatlow* and *Frank B. Williams* for appellants.

*E. V. Sweeney,* City Attorney, and *J. E. Sater,* Special Counsel for respondent.

[587] DOUGLAS, J.—Plaintiff has appealed from an order quashing an execution issued upon a judgment in his favor. His judgment against the defendant, City of Monett, was rendered on October 6, 1934. After it was rendered the city duly appealed to the Springfield Court of Appeals. The appeal languished there for twelve years through fifteen continuances granted upon the agreement of the parties. Then in 1946 that court upon motion ordered the appeal dismissed. Thereupon the case was transferred to this court. 198 S. W. (2d) 536. This court heard the case and likewise entered an order dismissing the appeal. 204 S. W. (2d) 264. Our mandate was duly issued, and was filed in the circuit court on September 26, 1947. The plaintiff without delay had an execution issued upon his 1934 judgment. The trial court quashed the execution, and plaintiff has appealed.

The trial court found the date of the original rendition of the judgment was October 6, 1934; that the judgment had never been revived after its original rendition; and that no payments had been made on the judgment. Wherefore the trial court found the judgment was conclusively presumed to be paid after ten years from its rendition under Section 1038 R. S. 1939, Mo. RSA; that the appeal did not toll this statute; and that the execution, issued on September 26, 1947 and more than twelve years after the original rendition of the judgment, was untimely and void. Accordingly, it entered its order quashing the execution.

Section 1038 provides: ''Every judgment, order or decree of any court of record of the United States, or of this or any other state, territory or country, shall be presumed to be paid and satisfied after the expiration of ten years from the date of the original rendition thereof, or if the same has been revived upon personal service duly had upon the defendant or defendants therein, then after ten years from and after such revival, or in case a payment has been made on such

judgment, order or decree, and duly entered upon the record thereof, after the expiration of ten years from the last payment so made, and after the expiration of ten years from the date of the original rendition or revival upon personal service, or from the date of the last payment, such judgment shall be conclusively presumed to be paid, and no execution, order or process shall issue thereon, nor shall any suit be brought, had or maintained thereon for any purpose whatever.''

The question for decision is whether the operation of Section 1038 was suspended or tolled during the pendency of the city's appeal so that the ten-year period did not commence to run against plaintiff's judgment until the appeal was finally disposed of in 1947. Or, to state the question in another way, is it necessary to revive a judgment while an appeal from it is still pending. ·

Plaintiff contends in this appeal that the operation of Section 1038 was suspended during the city's appeal from his judgment, especially since under the statute the appeal itself, without bond, stayed the execution of the judgment. Section 1188 R. 'S. 1939, Mo. RSA provides that execution is stayed in appeals where a city is appellant without the need of furnishing a supersedeas bond. It appears to be plaintiff's position since no step could be taken by him to collect his judgment and no execution issued so long as the appeal from his judgment was pending, that the running of the ten-year period prescribed by Section 1038 would not commence until after the appeal was disposed of, and he was not required to revive the judgment during the pendency of the appeal. We are not in accord with plaintiff's contention. It is our view that the ten-year period commenced to run on the date the judgment was rendered regardless of the appeal, so that the appeal did not postpone the commencement of the ten-year period. Since the judgment was not revived within the period, its force was extinguished by the lapse of ten years from its original rendition, so no execution could thereafter validly issue upon it.

We would be more inclined to agree with plaintiff's position if the presumption of payment under Section 1038 was a rebuttable one. The prosecution of [588] an appeal by a judgment debtor should certainly rebut a presumption of payment by him of the judgment appealed from. However, the presumption created by Section 1038 is not rebuttable, it is conclusive. See Northwestern Brewers Supply Co. v. Vorhees, 356 Mo. 699, 203 S. W. (2d) 422.

We must trace the history of Section 1038 to explain the holdings in some of our earlier decisions. The doctrine was well established at common law that, in the absence of rebutting circumstances, debts will be presumed paid after twenty years from the time they were due. This rule was commonly applied where the indebtedness was evidenced by various instruments, but was applied also to judgments. We incorporated the common law doctrine in its application to judg-

ments into our Statutes in 1835, R. S. 1835, p. 396. The first statute provided a judgment should be presumed paid after the expiration of twenty years "from the time of giving such judgment." This provision was carried down through the statutes without any major change except "the day of the rendition of such judgment" was substituted for the "time of giving such judgment." Sec. 6796, R. S. 1889. In 1895 the period was reduced from twenty years to ten years. Laws 1895, p. 221. However, in 1899 the statute underwent a major change when the same provision was adopted as we now have in Section 1038. The ten-year period was retained to run from "the date of the original rendition" of the judgment or from its revival. The presumption was expressly made a conclusive one in all cases. While the previous statute prohibited any suit to be "brought" on the judgment after the expiration of the period, the Amendment of 1899 made a stricter provision. Its prohibition was "nor shall any suit be brought, had or maintained" on the judgment. Laws 1899, p. 300. Such is the present provision.

So Section 1038 now provides for a conclusive presumption of payment ten years from the date of the original rendition of a judgment or ten years from its revival, or from the entry upon the record of the last payment on the judgment. No exceptions are provided.

The conclusive presumption of payment created by Section 1038, though imposing a limitation on actions on judgments, is to be distinguished from the bar of the remedy created by the usual statute of limitation. The usual statute of limitation imposes a bar to the recovery of the debt; it operates to prohibit an action upon the debt. On the other hand a presumption of payment statute such as Section 1038, wipes out or cancels the debt itself; it extinguishes the right of action. It is not concerned with the remedy because there is no right left to be enforced.

Such a statute is not subject to the exceptions usually found in ordinary statutes of limitation. 34 Am. Jur. "Limitation of Actions" § 6; 1 ALR 780. The United States Supreme Court, considering our 1835 Statute said it was not subject to the exceptions and incidents of an act of limitation. Gaines v. Miller, 111 U. S. 395.

To sustain plaintiff's contention we would have to read an exception into an unambiguous statute. We would have to qualify the provision of the statute that a judgment is conclusively presumed to be paid ten years from the date of the original rendition by adding the words "except when such a judgment has been appealed." But we are not authorized to supply exceptions to such a statute.

Even in construing the usual statutes of limitation which ordinarily are held to be subject to exceptions, courts have now become unwilling to add exceptions which the legislature has not seen fit to make. "The modern rule of construction is that unless some ground can be found in the statute for restraining or enlarging the meaning of its general

words, it must receive a general construction, and the courts cannot arbitrarily subtract therefrom or add thereto. While most courts give recognition to certain implied exceptions arising from necessity, it is now conceded that they will not, as a general rule, read into statutes of limitation an exception which has not been embodied therein, however reasonable such exception may seem, even though the exception would be an equitable one." 34 Am. Jur. "Limitation of Actions", § 186.

[589] We do not find the precise question we are considering has been directly passed upon in this state. However there is a discussion in Kansas City v. Field, 270 Mo. 500, 194 S. W. 39 about the question whether an appeal by one defendant in a condemnation suit instituted by a city tolled the operation of Section 1038 as to another defendant who had not appealed. An execution on the portion of the judgment affecting the nonappealing defendant was issued more than ten years after the date the judgment was rendered. No revival had been had. This court held such execution should be quashed. We said: "The language of the statute under discussion is that the period of 10 years is to be counted 'from the date of the original rendition' of such judgment, and that from and after the expiration of such period no execution may issue thereon. If the word 'original' had not been used, there might be some doubt about the matter. For without this word a debatable question can be mooted as to time of the *rendition* of a judgment when such judgment is appealed from, but from the use of the word 'original' we have no great difficulty in concluding that no execution may issue upon an unrevived judgment, if 10 years has elapsed from the date of the rendition of such judgment by the circuit court, regardless of whether such judgment was appealed from or not." And see Kansas City v. Field, 285 Mo. 253, 226 S. W. 27.

In Kansas City v. Tiernan, 356 Mo. 138, 202 S. W. (2d) 20 we had a similar case where an appeal from a condemnation suit was taken by other defendant property owners but no appeal was taken by defendant Tiernan. We again held the operation of Section 1038 was not tolled by such an appeal even though the city charter contained a provision attempting to do so. (See also Hedges v. McKittrick (Mo. App.) 153 S. W. (2d) 790.)

Although the above cases did not decide the precise question in this case, we approve their reasoning and hold it is pertinent here. Furthermore, it appears to be clear from the history of Section 1038 that the ten-year period commences on the very day the judgment is originally rendered. We reaffirm what the court said on that point in the quotation above.

We note in passing that this court has held the lien of a judgment is not extended beyond the statutory limitation by an appeal which operates as a supersedeas. Christy v. Flanagan, 87 Mo. 670.

■ Plaintiff argues the trial court would have had no jurisdiction to revive the judgment while the appeal was pending because under Section 1190 (now repealed) upon filing a recognizance all further proceedings upon the judgment appealed from are stayed. Even though such section was applicable in this case, a point which we need not decide, we do not construe it as forbidding a proceeding to revive a judgment by scire facias. This section must be read together with Section 1271. Section 1271 provides a plaintiff may at any time within ten years sue out a scire facias to revive a judgment. This bestows an unqualified right to take such action, and is nowhere in the statutes expressly restricted in the event of an appeal. To avoid the extinguishment of a judgment under Section 1038 such remedy must remain available even while an appeal is pending.

In 1885 in Merchants Mutual Insurance Co. v. Hill, 17 Mo. App. 590 the court of appeals considered the question whether a scire facias would lie to revive a judgment while an appeal from such judgment was pending. The court held: "Upon the second point the court is of opinion that, in order to keep alive the lien of a judgment, it is equally necessary to revive the judgment by *scire facias* whether an appeal with a *supersedeas* is being prosecuted from it or not. The *supersedeas* has no operation whatever upon the judgment; it does not take anything away from it, or add anything to it. It does not keep alive its lien upon the realty of the judgment debtor during the three years prescribed for its continuance by the statute, nor does it suspend the running of the statute of limitations against it. It merely operates to stay the issuing of process to enforce the collection of the judgment. It suspends execution; it does not suspend the judgment. The judgment, if affirmed by the appellate [590] court, is not a new judgment, but the same judgment, having the same incidents which attached to it when rendered, except those which have been lost by lapse of time since its rendition. The object of a proceeding to revive it may be two-fold: 1. To preserve its lien upon the realty of the judgment debtor; 2. To prevent its becoming barred by the statute of limitations. It is the right of the judgment creditor to have a *scire facias* for these purposes; otherwise the delays which are incident to the determination of appeals and writs of error might place it within the power of the defendant by appealing or suing out a writ of error, to destroy his judgment or to deprive him of the fruits of it by lapse of time."

Such holding appears to be in line with the general rule today that an appellate proceeding ordinarily does not deprive the lower court of power over collateral or incidental matters necessary for the preservation of the fruits of the ultimate judgment or of the status in quo of the parties. 4 CJS Appeal and Error, §§ 619, 666. And see State ex r. v. Sale, 153 Mo. App. 273, 133 S. W. 119.

Plaintiff further argues since the vitality of a judgment may be extended beyond the ten-year period imposed by Section 1038 by a suit brought on the judgment before the period has elapsed, that by parity of reasoning an appeal should likewise extend the vitality of the judgment. In Excelsior Steel Furnace Co. v. Smith (Mo. App.) 17 S. W. (2d) 378 the court held a suit on a judgment instituted within ten years after its rendition was sufficient to extend the life of the judgment even though the ten-year period elapsed within three days after its filing. However, the court in that case did not consider the full prohibition of Section 1038. Its decision concerned only the provision about the bringing or the institution of a suit on the judgment, and did not discuss the fact that besides prohibiting the bringing of a suit, the statutes goes farther and also provides that no suit shall be "had, or maintained thereon for any purpose whatever." While such question is not in this case, and we discuss it only in answer to plaintiff's argument, it is our view that under the provisions of Section 1038 the pendency of a suit on a judgment can not and does not extend the vitality of the judgment after the ten-year period has elapsed although such lapse occurs while the suit is pending.

The situation under the ordinary statute of limitation is different. There the mere filing of a suit fulfills the requirement of the statute and extends the right to exercise the remedy, but in such a case the right of action remains alive. When the statute antecedent to Section 1038 merely provided that no suit could be "brought" on the judgment after the ten-year period such statute may possibly have been subject to the construction that the mere institution of a suit within the period would extend the life of the judgment beyond the period. But after the statute was amended to provide also that no suit should be "had or maintained" after the period, then any such construction was no longer tenable. The life of the judgment ends with the lapse of the period: It may be extended only by revival. The decision in Kelly v. City of Cape Girardeau, 230 Mo. App. 137, 89 S. W. (2d) 693 is led into the same error by following the Excelsior case.

Discussing the meaning of the phrase "to maintain a suit" found in another section of our statutes this court said the word maintain means literally "'to hold by the hand,' hence, in ordinary use, 'to uphold, to sustain, to keep up,' while in pleading it is defined to mean, 'to support what has already been brought into existence.' . . . There is a well defined distinction between beginning and maintaining an action, . . . We are bound to assume the word 'maintain' was chosen to express the exact shade of meaning intended by the law makers. It does not, with its present context, seem to us to include the word 'begin'." Carson Rand Co. v. Stern, 129 Mo. 381, 31 S. W. 772. In Freil v. Alewel, 318 Mo. 1, 298 S. W. 762 we quoted the above discussion of the meaning of maintain with approval.

We also said that maintain may designate "a course of action, and in conjunction with the word 'had' signifies beginning and continuing the course to its completion." The [591] ultimate decision in that case, however, must be considered in the light of the fact it was construing a statute of limitation, not one of presumption of payment.

So we may say in this case that the word "maintain" was added to Section 1038 to express an exact shade of meaning. Coupled as it is in the phrase "nor shall any suit be brought, had or maintained thereon" it appears to us to mean that no suit shall be brought after the period has elapsed, or if suit is brought within the period, then it shall not be further maintained after the period has run. So in answer to plaintiff's argument we say that the institution of a suit on a judgment may not extend the life of the judgment after the period of Section 1038 has elapsed.

Plaintiff also cites the case of St. Francis Mill Co. v. Sugg, 169 Mo. 130, 69 S. W. 359, and on second appeal 206 Mo. 148, 104 S. W. 45 to support his argument the filing of a suit on a judgment will extend its life beyond the ten-year period. This case was not strictly a suit on a judgment but was a suit in equity by judgment creditors to set aside a fraudulent conveyance. The judgments were rendered in 1871, 1872, and 1873. The suit was filed in 1875 well within the then twenty-year period. While these appeals discuss the presumption of payment statute we do not believe it was necessary to their decision. The rule on the real question involved in those appeals seems to be settled. We find: "While the right to have an execution on the judgment continues, the creditor may institute his suit to set aside a fraudulent conveyance made by his debtor, and subject the land to the payment of his debt." Zoll v. Soper, 75 Mo. 460. We followed the Zoll case in Steele v. Reid, 284 Mo. 269, 223 S. W. 881.

However we do not consider the St. Francis Mill cases apposite here. In proceedings of that type in some instances judgment has been first obtained and execution timely issued but the purpose of the execution has been defeated by the fraud of the debtor. In others a plaintiff seeking relief need not necessarily be a judgment creditor; sometime he may be a simple creditor. Under some circumstances a plaintiff in such a case is excused from first establishing his claim at law. Buckley v. Maupin, 344 Mo. 193, 125 S. W. (2d) 820. So merely for the purpose of again answering the argument of plaintiff in this case we will say it is our opinion that the relief afforded by the equitable doctrine is to permit a creditor to set aside a fraudulent conveyance in order to recover his *claim* or *debt* as distinguished from the enforcement of a *judgment*. Ordinarily the need of a *judgment* is only to show the remedies at law have been exhausted. But we point out such questions are not before us for decision in this case but only by way of argument.

1054

The question under consideration had not arisen, and was not presented or considered when this case was here before on transfer from the court of appeals. So anything said in our opinion in deciding that appeal should not be construed to decide the question now before us for the first time.

Cases from other jurisdictions are not much help because of differences in statutory provisions. In some cases an appeal has been held not to suspend the time to take action on a judgment. See: State v. Hart Refineries (Mont.) 92 P. (2d) 766, 123 ALR 555, and Anno. at 565.

It is clear to us that in the instant case the operation of Section 1038 was not suspended during the pendency of the appeal from the judgment. Plaintiff was under the duty to revive his judgment even though the appeal was pending. Since he failed to revive his judgment it was extinguished by the statute. Although under the peculiar circumstances of this case where plaintiff was not protected from such a result by an appeal bond, such a conclusion is harsh; still we are compelled to reach it by the plain terms of the statute. Any relief from such a result for the future should be addressed to the legislature. Courts must proceed cautiously when dealing with statutes which may affect the title to real property.

The judgment quashing the execution is *affirmed*. All concur.