HAROLD, APPELLANT, *v.* PARADISE, APPELLEE.

(No. 7386—Decided June 8, 1973.)

APPEAL: Court of Appeals for Lucas County.

*Mr. Merritt W. Green, Sr.,* for appellant.
*Mr. Jude Aubry,* for appellee.

POTTER, P. J. The plaintiff, appellant herein, on July 7, 1959, in the state of Missouri, secured an order for the aggregate monthly sum of $150 for the care, support and maintenance of the parties' minor children. The defendant, appellee herein, had entered his appearance in that case. On January 7, 1972, plaintiff filed an action in Ohio to recover $22,275 allegedly due under the order.

The defendant's answer admitted the order, but denied that there is any sum whatsoever owed for support or alimony. Defendant also alleged that he was denied the right of visitation and companionship with the children from

July, 1959, to the present and that during a large portion of this time the children were either in Canada or Thailand. The case was submitted to the court on the pleadings, interrogatories, stipulations of fact and briefs. The trial court found as a fact that neither party had filed any subsequent proceedings in the Missouri court, either in the form of a modification or for lump sum judgment, and that the children were inaccessible to the father for visitation during most of the period for which support is asked.

The trial court found as a conclusion of law that the order of support is, under Missouri statutory law (V.A.M. S. 452.070) subject to modification, and that such order is not a final judgment and, therefore, not subject to the Full Faith and Credit Clause.

From the order dismissing the complaint, plaintiff assigns three errors:

"(1) The lower court erred in holding that the decree of the Circuit Court of Cooper County, Missouri, requiring the defendant to pay child support in monthly installments is not a final judgment upon which action can be brought in Ohio for accrued and unpaid payments.

"(2) The lower court erred in holding that the judgment entered by the Missouri Court requiring the defendant to pay monthly child support payments is not such a judgment as is entitled to enforcement in other States under the full faith and credit clause of the Constitution of the United States.

"(3) The lower court erred in not entering judgment for the plaintiff for accrued and unpaid child support payments ordered in a divorce decree of a Missouri Court."

V.A.M.S. 452.070 (now covered by Missouri Civil Rule 88.03) is as follows:

"Alimony and maintenance.

"When a divorce shall be adjudged, the court shall make such order touching the alimony and maintenance of the wife, and the care, custody and maintenance of the children, or any of them, as, from the circumstances of the parties and the nature of the case, shall be reasonable, and when the wife is plaintiff, may order the defendant to give

security for such alimony and maintenance; and upon his neglect to give the security required of him, or upon default of himself and his sureties, if any there be, to pay or provide such alimony and maintenance, may award an execution for the collection thereof, or enforce the performance of the judgment or order by sequestration of property, or by such other lawful ways and means as is according to the practice of the court. The court, on the application of either party, may make such alteration, from time to time, as to the allowance of alimony and maintenance, as may be proper, and the court may decree alimony pending the suit for divorce in all cases where the same would be just, whether the wife be plaintiff or defendant, and enforce such order in the manner provided by law in other cases.''

It is the contention of plaintiff that the trial court necessarily held that the above section permits a modification of past due and accrued installments under the child maintenance order. The Supreme Court of Missouri has not apparently ruled on the precise question (see Child Support in Missouri: the Father's Duty, the Child's Right and the Mother's Ability to Enforce, 36 Mo. L. Rev. 325 (1971) at 333). Intermediate appellate decisions have taken opposite positions, at least where the question of an emancipated child is concerned. See, for example, *Swenson* v. *Swenson* (1950), 241 Mo. App. 21, 227 S. W. 2d 103; and *Schaffer* v. *Security Fire Door Co.* (St. L. Mo. App. 1959), 326 S. W. 2d 376. The rationale of the more recent case of *Jenkins* v. *Jenkins* (St. L. Mo. App. 1970), 453 S. W. 2d 619, is that a modification must be prospective, not retrospective, and follows *Schaffer* v. *Security Fire Door Co.*, *supra*; see also *Hughes* v. *Wagner* (St. L. Mo. App. 1957), 303 S. W. 2d 181; and relative to alimony, *Nelson* v. *Nelson* (1920), 282 Mo. 412, 221 S. W. 1066.

The general holding is succinctly stated in 18 Ohio Jurisprudence 2d 669, Divorce and Separation, Section 338.

''The United States Supreme Court has held that a decree for alimony, maintenance, or support payable in the future is considered as to instalments past due and unpaid

a final judgment and is entitled to full faith and credit with respect thereto, provided no modification of the decree was made prior to the maturity of such instalment, unless, by the law of the state in which such decree was rendered, the enforcement thereof is so completely within the discretion of the court which granted it that it may modify or annul the decree even as to overdue and unsatisfied instalments, and this rule has been quoted by Ohio courts. Thus, an action may be brought in this state to recover alimony or support payments which have accrued under a sister state matrimonial decree, provided that the courts in the divorce-granting state lack the power to modify the amount of arrears retroactively, and the judgment procured is enforceable in accordance with the laws of this state applicable to money judgments."

Ohio, in *Armstrong* v. *Armstrong* (1927), 117 Ohio St. 558, follows the general rule laid down by *Sistare* v. *Sistare* (1910), 218 U. S. 1. See also 47 American Jurisprudence 2d 261, Judgments, Section 1270, as follows:

"* * * In any event, the mere fact that a judgment payable in instalments is subject, as to unmatured instalments, to modification by the court of its rendition, does not disentitle the judgment to full faith and credit as to unmodified, unpaid, past-due instalments."

Giving to the Missouri decree every reasonable implication against the existence of a power to modify or revoke installments of alimony already accrued, we find that, as to accrued installments, the Missouri decree is a final order and within the ambit of the Full Faith and Credit Clause. (See 24 American Jurisprudence 2d 1118, 1119, Divorce and Separation, Sections 980, 981.) Assignment of error No. 1 is well taken but, for the reasons hereinafter set forth, is not prejudicial.

As to assignments of error Nos. 2 and 3 we must consider the denial of the defendant, in his answer, that there is any sum owed for support. It has been stipulated that the plaintiff has not sought to enforce the order and that no payments have been made to the plaintiff since April, 1959.

V.A.M.S. 516.350 reads as follows:

"Every judgment, order or decree of any court of record of the United States, or of this or any other state, territory or country, shall be presumed to be paid and satisfied after the expiration of ten years from the date of the original rendition thereof, or if the same has been revived upon personal service duly had upon the defendant or defendants therein, then after ten years from and after such revival, or in case a payment has been made on such judgment, order or decree, and duly entered upon the record thereof, after the expiration of ten years from the last payment so made, and after the expiration of ten years from the date of the original rendition or revival upon personal service, or from the date of the last payment, such judgment shall be conclusively presumed to be paid, and no execution, order or process shall issue thereon, nor shall any suit be brought, had or maintained thereon for any purpose whatever."

Then Circuit Judge Blackmun made this observation as to this statute in *Stanford* v. *Utley* (C. C. A. 8, 1965), 341 F. 2d 265 at 267:

"* * * Section 516.350 presumes payment of a judgment after ten years have expired from its rendition or revival. This is a conclusive presumption and the statute cancels the judgment debt and extinguishes the right of action. *Wormington* v. *City of Monett*, 358 Mo. 1044, 218 S. W. 2d 586, 588 (1949)."

See also *Swan* v. *Shelton* (St. L. Mo. App. 1971), 469 S. W. 2d 946.

For the history of the statute, see *Wormington* v. *City of Monett* (1949), 358 Mo. 1044, 1049, 218 S. W. 2d 586, 588, and the following statement therefrom:

"The conclusive presumption of payment created by Section 1038, though imposing a limitation on actions on judgments, is to be distinguished from the bar of the remedy created by the usual statute of limitation. The usual statute of limitation imposes a bar to the recovery of the debt; it operates to prohibit an action upon the debt. On the other hand a presumption of payment statute such as

Section 1038, wipes out or cancels the debt itself; it extinguishes the right of action. It is not concerned with the remedy because there is no right left to be enforced.

"Such a statute is not subject to the exceptions usually found in ordinary statutes of limitation. 34 Am. Jur., Limitation of Actions, Section 6; 1 ALR 780. The United States Supreme Court, considering our 1835 Statute said it was not subject to the exceptions and incidents of an act of limitation. *Gaines* v. *Miller*, 111 U. S. 395."

Defendant urges that V.A.M.S. 516.350 was not presented or argued below and is an affirmative defense, and that defendant's presentation in this court is "too late and too weak." We do not view the imposition of the statute as an affirmative defense under Civil Rule 12(H) and, as noted above, defendant asserts payment. Civil Rule 44.1(A)(3), entitled, in part, Judicial Notice of Certain Law[1] provides that a party who intends to rely on court decisions, public statutory law, etc., of any state shall give notice of this fact in his pleadings or shall give other reasonable notice. Specificity is not required. The pleadings, interrogatories, stipulation and briefs were sufficient to inform the court and litigants that Missouri law was relevant to the lawsuit and, in fact, the action was on a Missouri judgment. See *Litsinger Sign Co.* v. *American Sign Co.* (1967), 11 Ohio St. 2d 1. The rule provides that the trial court's determination, "shall be treated as a ruling on a question of law." As such, this appeals court may consider its own research and any additional sister-state law presented by counsel on appeal. See, 9 Wright and

---

[1] Rule 44.1(A)(3) A party who intends to rely on the decisional, constitutional, public statutory law, rules of court, municipal ordinances, or administrative regulations of any other state, territory, and jurisdiction of the United States shall give notice in his pleading or other reasonable notice. The court in taking judicial notice of the decisional, constitutional, public statutory law, rules of court, municipal ordinances, or administrative regulations of any other state, territory, and jurisdiction of the United States may inform itself in such manner as it deems proper, and may call upon counsel to aid in obtaining such information. The court's determination shall be treated as a ruling on a question of law, and shall be made by the court and not the jury.

Miller, Federal Practice and Procedure 403, 415. This approach is also consistent with the spirit of the Modern Courts Amendment to the Ohio Constitution which gives to this court original jurisdiction in "any cause on review as may be necessary to its complete determination." Article IV, Section 3(B)(1), Ohio Constitution. We, therefore, conclude that it is proper for this appellate court to consider the Missouri Statute, V.A.M.S. 516.350.

Defenses available in an action on the judgment in Missouri are available in Ohio. See, 50 Corpus Juris Secundum 444, 449, 474, Judgments, Sections 868, 874. See also 47 American Jurisprudence 2d 39, Judgments, Section 919; *Pennywit* v. *Foote* (1875), 27 Ohio St. 600 at 615; *Armstrong* v. *Armstrong* (1927), 117 Ohio St. 558 at 561. We find the statute to be applicable and a defense barring plaintiff from the right to recover in Ohio on the Missouri judgment.

Plaintiff contends that at least the installments accruing since the ending of the ten-year period should be collectible under the Missouri judgment and directs our attention to *Smith* v. *Smith* (1959), 168 Ohio St. 447. The Missouri cases of *Mayes* v. *Mayes* (1938), 116 S. W. 2d 1; *Crane* v. *Reinking* (K. C. Ct. of App. 1948), 215 S. W. 2d 759; *Sisco* v. *Sisco* (St. L. Mo. App. 1960), 339 S. W. 2d 283, hold that the fact that the judgment provides for installment payments does not prevent the application of the statute (516.350 V.A.M.S.).

Assignments of error Nos. 2 and 3 are not well taken. From the record we therefore find that plaintiff does not have an enforceable order in Missouri and one not entitled, for this reason, to full faith and credit in Ohio. The trial court's judgment dismissing the complaint is affirmed for the reasons set forth above.

*Judgment affirmed.*

BROWN and WILEY, JJ., concur.