### Vaughn v. Vernon Sales Promotions
*[Cite as 7 AOA 95]*

*Case No. 13-90-3*
*Seneca County, (3rd)*
*Decided October 19, 1990*

*Michael B. Lange, Attorney at Law, 174 South Washington Street, P.O. Box 692, Tiffin, Ohio 44883, for Appellant.*

*Terry L. Gernert, Attorney at Law, Farmers Citizens Bank Bldg., Bucyrus, Ohio 44820, for Appellee.*

KEEFE, J.

This action has had a somewhat troubled journey from its genesis in the Small Claims Division of the Tiffin Municipal Court in October, 1988. The matter eventuated in the common pleas court as a claim by James E. Vaughn against Vernon Sales Promotions and a counterclaim by Vernon Sales contra Vaughn. Two agreements, both involving Vaughn and Vernon Sales, constitute the crux of these appeals.[1] The agreements include almost identical language in one particular provision which stipulates as follows:

"Final acceptance of it [this agreement] is made at Newton, Iowa, and it shall be deemed an Iowa contract, the validity, meaning, and enforcement whereof, and the consequence of a breach of which, *shall be governed by laws of Iowa.*" [Underscoring for emphasis.][2]

An eight-hour trial was held on the respective claims of the parties and subsequently the court decided *inter alia* as follows:

"The court, in examining the documents, finds that each contract is controlled by the law of Iowa. No one has cited this court to any Iowa law *** .

"There is nothing in front of the court to indicate what Iowa law would require. As a result, this court finds that both sides have failed to meet their burden of proof since this court has no way of knowing what that burden of proof requires.

"It is therefore, ordered, adjudged and decreed that plaintiff shall receive the sum of zero ($0.00) from the defendant and defendant shall receive the sum of zero ($0.00) from the plaintiff."

Thus, the parties were nonsuited. Both parties appeal from the somewhat singular decision below. They seek reversal, remand and a decision on the merits. Their mutual desire is to have Ohio law applied, obviously preferring to circumvent Iowa law notwithstanding the aforementioned provision of the agreements.

Appellant Vernon Sales advances three assignments of error; cross-appellant Vaughn, one. There is no purpose served by reproducing them here. All four remonstrances basically claim that the order of the court below is prejudicially erroneous and must be reversed. we agree.

Civ. R. 44.1(A)(3) specifies that a party who intends to rely upon the law of any other state *shall* give notice in his pleading or other reasonable notice. Both parties complied since their pleadings included their written agreements which in turn contained the language, *supra,* mandating that Iowa law govern the enforcement or breach of the said agreements. In other words, the court below had notice of the fact that the parties had chosen Iowa to govern their contractual rights and duties. Pleadings are sufficient to inform the court of the relevance of the law of another state. *Harold v. Paradise* (1973), 36 Ohio App. 2d 71.

Whether either or both attorneys entertained a subjective reservation about trying the matters under Iowa law is beside the point. Barring a mutual waiver of the Iowa provision, subsequently considered herein, the trial court was absolutely obligated to determine which state's law would be followed, Ohio's or Iowa's. Civ. R. 44.1(A)(3) places this burden upon the trial court and provides that "[t]he court's determination shall be treated as a ruling on a question of law." The court should have at the outset of the trial determined which law applied, and if the Iowa law, inform itself in such manner as it deemed proper in order to obtain the necessary information. The court then should have proceeded to try the case applying the law of the appropriate state.

In *Schulke Radion Productions, Ltd. v. Midwestern Broadcasting Co.* (1983), 6 Ohio St. 3d 436, the Supreme Court has held as follows:

"The law of the state chosen by the parties to govern their contractual rights and duties will be applied unless either the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice, or application of the law of the chosen state would be contrary to the fundamental policy of a state having a greater material interest in the issue than the chosen state and such state would be the state of the applicable law in the absence of a choice by the parties." Also see *Sekeres v. Arbaugh* (1987), 31 Ohio St. 3d 24, which follows *Schulke Radio Productions, Ltd. v. Midwestern Broadcasting Co., supra.*

We remand to the court of common pleas for further proceedings according to law and in compliance with this opinion. The court of common pleas is directed to decide the pending respective claims of the parties after first deciding the law of which state, Ohio or Iowa, governs, and then applying it. In order to obviate possible confusion with the scope of the remand, we do not order an entirely new evidentiary trial which may be unnecessary under the circumstances; nor is a new trial interdicted if indicated.

At the court trial commenced on December 15, 1989, the parties could have waived the provision which required enforcement of their agreements "by the laws of Iowa." The Supreme Court has sanctioned a waiver of any of the terms of a contract, properly effectuated. *The Ohio Farmers Insurance Co. v. Cochran* (1922), 104 Ohio St. 427. Also 18 O. Jur. 3d, Contracts 237. We decline to write in detail at this time about the different types of waiver which can be effectual -- written, oral, express or implied from conduct – because it would be a supererogatory act. There has been no waiver of resort to Iowa law, but there could yet be at the trial level. To be unquestionably effective, such a waiver should be definitive, especially because of the subject matter involved.[3]

Appellant's three assignments of error and crossappellant's single assignment are sustained. Accordingly, we reverse and remand for further proceedings according to law.

*Judgment reversed and remanded.*

BRYANT and EVANS, J.J., concur.

JOHN W. KEEFE, J., retired, of the First Appellate District was assigned to active duty pursuant to Section 6(C), Article IV, Constitution.

---

[1] Counsel opted to forego oral arguments and submitted the appeals on the briefs.

[2] The agreements were made parts of the pleadings. Civ. R. 10(C) and (D) provide that a copy of any written instrument attached to a pleading is a part thereof for all purposes, and a copy must be attached.
[3] Query: "can counsel waive the contractual choice of law provision for the parties or must they waive? A waiver by the parties themselves would seem more legally dependable and unassailable."